LOUISVILLE & NASHVILLE RAILROAD COMPANY v. P. M. NEAL.

LIMITATIONS, STATUTE OF. *Actions.* An action against a railroad company for damages for failure to deliver cotton to commission merchant as per contract is not barred within six years.

FROM CROCKETT.

Appeal in error from the Circuit Court of Crockett county. J. T. CARTHEL, J.

H. B. FOLK for Railroad Company.

POWELL & BIGGS for Neal.

FREEMAN, J., delivered the opinion of the court.

This suit is brought to recover, to use the language of the warrant, in a plea of damages of three hundred dollars for failure to deliver one bale of cotton to Mosby, Hunt & Co. as per contract.

The facts are that the plaintiff delivered this bale of cotton with several others to the railroad agent, who gave receipt of the company, to be shipped to Mosby, Hunt & Co., of Memphis, Tenn. The cotton was not shipped, but probably stolen from the platform, no watchman or guard being kept over it while on the platform after delivery.

The only question contested is, whether the statute of limitations bars plaintiff's claim. If the statute of

three years applies to the case as presented, it is conceded the suit cannot be maintained.    If six years, it is then conceded the action can be sustained, and the defendant is liable.

. This is not an action for injury to personal property, nor for detention or conversion of the same, which is barred in three years by sec. 2773 of the Code.    It is for damages, or for breach of the contract to ship the cotton to Mosby, Hunt & Co., and comes under sec. 2775; " actions on contracts, not otherwise provided for, shall be barred within six years."

His Honor held this to be the period when the bar attached, and we affirm his judgment.