[No. 11121.   Department Two.   December 12, 1913.]

ARCH MURRAY *et al.*, *Respondents*, v. WISHKAH BOOM
COMPANY, *Appellant*.[1]

LOGS AND LOGGING—BOOM COMPANIES—DUTY TO PUBLIC—DEGREE OF
CARE—INSTRUCTIONS.  A boom and driving company controlling the
driving of logs on a stream by splash dams, owes the duty as a pub-
lic service corporation to drive the logs with reasonable care and
diligence, and is by Rem. & Bal. Code, § 7124, made liable for logs
lost through neglect or unnecessary delay; hence the jury is properly
instructed that a driving company is liable for logs lost by fire
through unreasonable delay in driving them.

TRIAL—INSTRUCTIONS—REQUESTS.  Error cannot be predicated up-
on the refusal of a requested instruction which was given in other
instructions.

LOGS AND LOGGING—BOOM COMPANIES—DELAY IN DRIVING—LIA-
BILITY—ACTIONS—DEFENSES.  In an action against a driving com-
pany for logs lost by forest fires through unreasonable delay in
driving, it is no defense that the company was threatened with
suits to enjoin it from creating splashes, where it had been operat-
ing on the river for fifteen years by splash dams.

LIMITATION OF ACTIONS—ON CONTRACT—ORAL CONTRACTS.  An ac-
tion against a driving company for damages for logs lost by forest
fires through unreasonable delay in driving, is an action on implied
contract, within Rem. & Bal. Code, § 159, limiting actions upon a
contract or liability express or implied which is not in writing to
three years.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered January 3, 1913, upon the
verdict of a jury rendered in favor of the plaintiffs, in an ac-
tion for damages from breach of implied contract.  Affirmed.

*Bridges & Bruener*, for appellant.

*W. H. Abel* and *T. H. McKay*, for respondents.

PARKER, J.—This is an action to recover damages which
the plaintiffs allege resulted to them from the failure of the
defendant to cause artificial freshets or "splashes" from its
splash dam, maintained in the Wishkah river, in Chehalis

[1]Reported in 137 Pac. 130.

county, so that their logs could be moved while in the river bed and escape being burned by neighboring forest fires by which they were destroyed. Verdict and judgment were rendered in favor of the plaintiffs, from which the defendant has appealed.

Appellant is a driving and boom company, organized as such under the statutes of this state, having control of the Wishkah river, in Chehalis county, and has been engaged in driving and booming logs upon that river for something over fifteen years. It maintains splash dams in the river and its tributaries by which it creates artificial freshets or "splashes," as termed in logging parlance, in the river from time to time, especially in the summer months when the natural flow of the water is low, for the purpose of driving logs placed therein by those engaged in logging along its banks. For many years prior to May 1, 1910, appellant has created splashes from its dams in the summer months at intervals of four weeks or oftener, by which logs in the bed of the river could be driven out. During those months, logs could not be moved in the river without such splashing, because of the natural flow of the water therein being insufficient. The larger portion of the territory along the banks of the river for a distance of ten or fifteen miles had been logged off prior to the year 1910. This rendered such territory subject to frequent forest fires during the dry summer months. During the dry summer months of 1910, forest fires were burning in such territory and were more or less of a menace to logs in the neighborhood, including logs which had been placed in the bed of the river for driving.

Prior to May, 1910, respondents had been logging near the river below one of appellant's splash dams and had a considerable quantity of logs cut and ready for transportation down the river. They commenced placing these logs in the river bed about May 10, and finished about June 8. This was done in the usual manner, by rolling the logs over a high bank into the river bed, which caused them to pile up some

thirty feet high. Respondents then flattened the pile down considerably by the use of a donkey engine with a line, and thereafter kept their donkey engine in position so as to aid in starting the logs when the next splash came from appellant's dam. The last splash made by appellant was on May 1, 1910, until the fall of that year after respondents' logs had been burned.

Soon after respondents had commenced to place their logs in the river, about May 14, they asked appellant for a splash. This appellant neglected to furnish until after the burning of respondents' logs. On August 24, and during the few days following, being over two months after respondents' logs were put into the river bed, they were destroyed by fire which was communicated to them by one of the forest fires then burning along the river. The existence of the forest fires at that time, and their more or less probable menace to respondents' logs, was known to appellant's officers. There was plenty of water stored in appellant's dam to create a splash sufficient to move respondents' logs during all of this period, especially with the help of respondents' donkey engine and line in starting them. We think the evidence fully warranted the jury in believing these facts. Respondents' claim for damages is rested upon appellant's neglect to splash so as to render the driving of the logs possible and thus remove them from the danger of destruction by forest fires. Counsel upon both sides proceed upon the theory that this is an action for damages resulting from the breach of an implied contract to drive the logs with reasonable dispatch.

A considerable portion of the brief of counsel for appellant is devoted to an effort to demonstrate that the degree of care required of a boom company relative to logs placed in a river controlled by such a company is not of that high degree required of a common carrier possessing wholly artificial means of transportation, and that the trial court's rulings, in effect, erroneously submitted the cause to the jury upon the theory that such high degree of care was required of the ap-

pellant.    The court instructed the jury touching the service and care required by law of appellant as follows:

"You are instructed the laws of this state require boom and driving companies to boom and drive logs delivered to them for that purpose with reasonable care and diligence, and if loss of logs occurs on account of unreasonable delay on their part, they are liable for the loss.    In this case it is for you to say under all the circumstances whether there was unreasonable delay on the part of this defendant company."

We do not find in the record before us any ruling of the court suggesting to the jury any higher degree of care than that stated in this instruction.    It is plain that appellant was, at the time of the burning of respondents' logs, and for many years prior thereto, a corporation organized under the statutes of this state, with all the objects and purposes as stated in Rem. & Bal. Code, § 7119 (P. C. 405 § 167), as follows:

"Any corporation having for its object, in whole or in part, the clearing out and improvement of rivers and streams in this state, and for the purpose of driving, sorting, holding and delivering logs and other timber products thereon, may be organized under the laws of this state."

It is also plain that appellant had improved the Wishkah river by constructing splash dams, and otherwise, in pursuance of the statutory powers of such corporations (Rem. & Bal. Code, § 7122 [P. C. 405 § 173]), and that it was bound to render service as a public service corporation of the nature stated in the above-quoted instruction.    Rem. & Bal. Code, § 7123 (P. C. 405 § 175).    By Rem. & Bal. Code, § 7124 (P. C. 405 § 177), such corporations are rendered liable in damages for failure to properly perform such service, by express provision thereof, reading as follows:

"Any corporation acting under and in accordance with the provisions of this act shall be liable to the owner or owners of logs or other timber products for all loss or damage resulting from neglect, carelessness or unnecessary delay on the part of such corporation or its agents."

It seems plain to us that the instruction above quoted, which we find to be in keeping with other rulings of the court, did not impose upon appellant any higher degree of care than that required by the express terms of the statute relating to such corporations. We deem it unnecessary to follow learned counsel's argument touching the comparative degree of care ordinarily required by driving and boom companies and other carriers possessing wholly artificial means of transportation.

Counsel for appellant contend that, so far as its liability is concerned, its delay in splashing and driving the logs down the river was not the efficient proximate cause of the destruction of the logs, because it did not have reasonable cause to anticipate the burning of the logs; and complain of the refusal of the court to give the jury the following requested instruction and others of similar import:

"If you believe from the evidence that the defendant did not have reasonable cause to expect that a forest fire would be communicated to these logs, then the plaintiff cannot recover."

We do not understand counsel to contend that the court should decide the question of efficient proximate cause in appellant's favor, as a matter of law. In any event, it seems clear that such question could not have been so decided by the court, in the light of the evidence. The substance of this contention of counsel is stated in their brief as follows:

"We were entitled to have the jury decide, under proper instructions, whether or not the defendant should, under all the circumstances, have known that there was probability of the logs being destroyed by fire."

A reading of the other instructions given by the court convinces us that they conveyed to the jury the same thought as that suggested by the above-quoted requested instruction, and that the jury were thereby given to understand that appellant was not to be held liable for the destruction of respondents' logs by fire unless it had reasonable cause to ap-

prehend such danger, even though it may have been some-
what negligent in its delay.  We are of the opinion that the
refusal to give the instruction in the language requested was
not prejudicial error.

Appellant sought to excuse its delay in splashing, by show-
ing that certain landowners during the month of April, 1910,
commenced proceedings in the superior court for Chehalis
county, seeking to enjoin it from creating splashes in the
river, upon the ground that their land would be injured there-
by, and that appellant was justified in acceding to such de-
mands of such owners and refraining from splashing until
condemnation proceedings could be commenced and prose-
cuted to acquire such right as against such owners.  No in-
junction was issued, however, in such proceedings.  In view
of the fact that appellant had been continuing for fifteen
years or more rendering service as the law required of such
corporations, including regular splashings, it seems clear to
us that the learned trial court correctly excluded this de-
fense from the cause, such exclusion being the alleged error
complained of by appellant.  Manifestly, a public service cor-
poration, having been continuously engaged in the service
required by law of it covering a period of fifteen years or
more, cannot refuse to render such service to one applying
therefor and entitled thereto because of a threatened in-
junction against its continuing business as a public service
corporation.  It is plain that respondents conducted their
logging operations and placed their logs in the river with a
view to having them transported to market by appellant as
a public service corporation, upon the faith of such corpora-
tion being able to fulfill its duties as such a corporation.
Manifestly, respondents were justified in this faith, in view of
the long continued operations of appellant and its holding
itself out to the public as being able to render such service.

It is finally contended on behalf of appellant that this
action is barred by the statute of limitations.  If the two-
year statute were applicable, there would be some ground for

appellant's contention in this regard, at least as to a portion of respondents' claim of damage. If the three-year statute is applicable, clearly no part of respondents' cause of action is barred. In Rem. & Bal. Code, § 159 (P. C. 81 § 63), among the causes of action there enumerated as being barred in three years is the following:

"An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument."

While this is an action seeking the recovery of damages for breach of an implied contract, we think it clear, in the light of the authorities, that it is an action upon contract within the meaning of the statute of limitations. *Alabama & G. S. R. Co. v. Eichofer*, 100 Ala. 224, 14 South. 56; *Louisville & N. R. Co. v. Neal*, 79 Tenn. 270; *Patterson v. Augusta & S. R. Co.*, 94 Ga. 140, 21 S. E. 283. The rule is stated in the text of 25 Cyc. 1033, as follows:

"Viewed with reference to the statute of limitations, an action against a carrier for injury resulting from a breach of contract for safe carriage is one on contract, and not in tort."

We are of the opinion that the action is not barred by our statute of limitations. Other claimed errors suggested by counsel for appellant, we think, do not call for discussion.

The judgment is affirmed.

CROW, C. J., MOUNT, and MORRIS, JJ., concur.