MRS. MOLLIE BODNE *v.* DR. J. L. AUSTIN.*

(*Knoxville.* September Term, 1927.)

Opinion filed February 4, 1928.

## 1. PERSONAL INJURIES. STATUTE OF LIMITATION.

The statute of limitation of one year and not that of six years applies in cases where injuries to the person are inflicted, whether the action be brought ex contractu or ex delicto. (Post, p. 356.)

Citing: Shannon's Code (1917 Ed.), sec. 4472; Shannon's Code (1917 Ed.), sec. 4469; Klingbeil v. Saucerman, 165 Wis., 60, N. W., 1051; 1 A. L. R., 1312.

## 2. PERSONAL INJURIES. MALPRACTICE. CONTRACT. TORT.

If the conduct of the defendant causes injuries to the person the same conduct gives rise to an action in tort as if the action were brought on contract, the word "action" as used in the statute of limitation having reference to the subject-matter or nature thereof, and not to its form as a matter of remedial procedure. (Post, p. 356.)

Citing: Klingbeil v. Saucerman, 165 Wis., 60, 160 N. W., 1051; Wysocki v. Wisconsin Lakes Ice & Cartage Co., 125 Wisc., 638, 104 N. W., 707.

## 3. PERSONAL INJURIES. STATUTE OF LIMITATION.

Where the statute limits the time in which an action for injuries to the person may be brought the statute is applicable to all actions, the real purpose of which is to recover for an injury to the person whether based on contract or tort, in preference to a general statute limiting the time for bringing actions ex contractu. (Post, p. 358.)

Citing: 1 A. L. R., 1314; B. & O. R. R. Co. v. Read, 223 Fed., 689 (C. C. A.); Birmingham v. Chesapeake & Ohio Ry. Co., 98 Va., 548, 37 S. E., 17; Fadden v. Satterlee, 43 Fed., 568.

156 Tenn.—23.

Cases Distinguished: Burson v. Cox, 65 Tenn. (6 Bax.), 360; Bruce v. Baxter, 7 Lea, 477; Kirkman v. Phillips heirs, 54 Tenn. (7 Heis.), 223; Alsobrook v. Hathaway, 35 Tenn. (3 Sneed), 454; Campbell & Co. v. Reeves, 40 Tenn. (3 Head), 226; McCombs v. Guild, 77 Tenn. (9 Lea), 82; Whitaker v. Poston, 120 Tenn., 207; Frankfort Land Co. v. Hughett, 137 Tenn. (10 Thomp.), 52; Railroad v. Neal, 79 Tenn. (11 Lea.), 270.

4. STATUTE OF LIMITATION. ACTIONS ON CONTRACT.

The statute of limitation of one year does not apply to actions for trespass or action on contract where there is no element of injury to the person. (Post, p. 362.)

Citing: Bruce v. Baxter, 7 Lea, 477; Burson v. Cox, 65 Tenn. (6 Baxt.), 360.

5. CONVERSION OF PERSONAL PROPERTY. DAMAGES. STATUTE OF LIMITATION.

The three year statute applies to an action relating to injuries to personal property and actions for the conversion thereof, but an action for the value of personal property comes under the six year statute. (Post, p. 363.)

Citing: Kirkman v. Phillips heirs, 54 Tenn. (7 Heis.), 223; Shannon's Code, sec. 4470; L. & N. R. R. Co. v. Neal, 79 Tenn. (11 Lea.), 270.

6. STATUTE OF LIMITATIONS. PERSONAL INJURY. REASON FOR RULE.

The one year statute applies to all actions for injuries to the person and is justified because its nature makes it particularly difficult to perpetuate and easy to manufacture and manipulate testimony after a lapse of years. (Post, p. 364.)

7. PERSONAL INJURIES. STATUTE OF LIMITATIONS. FRAUDULENT CONCEALMENT. DECLARATION.

A bare allegation that the plaintiff was kept in ignorance of the wrong without an election of fraudulent concealment on the part of the defendant will not be sufficient excuse for bringing a suit within the one year statute. (Post, p. 365.)

---

*Headnotes 1. Limitations of Actions, 37 C. J., section 112; 2. Limitations of Actions, 37 C. J., section 112; 3. Limitations of Actions, 37 C. J., section 361.

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.—
HON. OSCAR YARNELL, Judge.

L. TURNEY and M. N. WHITAKER, for plaintiff in error.

STRANG & FLETCHER, for defendant in error.

J. M. ANDERSON, McGUGIN, EVANS & CATE and A. W.
STOCKELL, *Amicus Curiae.*

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

This appeal is from a judgment sustaining a plea of
the statute of limitations of one year to a declaration
alleging the breach by a dentist of his contract to extract
plaintiff's teeth and make for her a new set—in that he
not only failed to extract all of one of her teeth, but
broke off one of her jaw teeth, negligently and carelessly,
with the result that she suffered pain, loss of time and
was put to great expense, for which she sought com-
pensatory damages. It is here insisted that the six
year statute, Shannon's Code, section 4472, has appli-
cation, reading, "actions on contract not otherwise ex-
pressly provided for," and not the one year statute,
Shannon's Code, section 4469, "all actions for injuries to
the person," etc.

Elaborate and able briefs have been presented dis-
cussing cases of malpractice, into which general classi-
fication this suit falls, with special reference to the ap-
plication of limitation statutes, and citing text book

and decision authorities *pro* and *con*. The precise question presented has not been directly passed on in this State, and apparent confusion exists in the decisions of other Courts, and more or less conflict, but it will be found that the different conclusions announced have resulted largely from the varying language of the statutes in different jurisdictions, and these are not therefore determinative in this State.

(1) It is assumed in much of the discussion that the decision turns upon whether the action is in contract or *ex delicto,* grounded on the wrong. However, this Court is of opinion that this is not determinative, that conceding that in given malpractice cases there may be two independent causes of action, one breach of a contract, and, two, negligence constituting a tort; and conceding further, as quite generally held, that the right of election ordinarily exists as between these two causes of action, that, nevertheless, the effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person. In this view and construction of our statutes the question as to whether the ground or cause of the action is *ex contractu* or *ex delicto,* treated as vital in much of the discussion in the authorities, becomes nondeterminative here. The pertinent inquiry becomes, in each case as presented, whether or not, on the facts alleged, the defendant has inflicted injuries to the person, on account of which recovery is sought. The reasoning and holding in the recent case of *Klingbeil* v. *Saucerman,* 165 Wis., 60, 160 N. W., 1051, reported in 1 A. L. R., 1312, and accompanied by a full note, is much in point. We quote fully from that opinion as follows:

(2) "It was stated in *Frechette* v. *Ravn, supra,* that an action in tort for malpractice was 'plainly one to re-

cover damages for injuries to the person.' Why? Because defendant's conduct resulted in an injury to the person of plaintiff. If it did so because of the tort, which consisted in a breach of duty created by law, it is difficult to see why it does not do so when the same identical conduct produces the same identical result, though the complaint charges the breach of a duty created by contract between the parties instead of the breach of a duty created by law. Damages may flow from the breach of both duties, and likewise an injury to the person may result from the breach of a contract as well as from a tort. Where, as in malpractice, there is an option to sue in tort or on contract, each cause of action is grounded upon the same identical acts of the defendant, namely, his failure to exercise the proper skill or care, or both. The very same conduct gives plaintiff his option as to remedies. Hence, if defendant's conduct, when sued in tort, gives rise to an action for injuries to the person, the very same conduct must give rise to the same kind of action when sued on contract. The word 'action,' as used in the statute, has reference to the subject matter or nature thereof, not to its form as a matter of remedial procedure. Whether it be in tort or on contract, it is an action to recover damages for injuries to the person, and comes alike under the terms of the statute, since the phrase therein, 'no action to recover damages for injuries to the person,' refers to bodily injuries, and not to injuries to feelings. *Wysocki v. Wisconsin Lakes Ice & Cartage Co.*, 125 Wis., 638, 104 N. W., 707. Cases cited to us from other jurisdictions, holding that, where statutes prescribe different limitations upon actions sounding in tort and upon those on contract, each form of action will be governed by the limitation prescribed for that form, though both might arise from the same transaction

and the one be barred and the other not, are clearly not applicable. For in the instant case the service of notice is not made dependent upon the form of action, but upon its nature or subject-matter. The words, 'action to recover damages for an injury to the person,' mean an action brought on account of or by reason of bodily injuries inflicted upon a human being. Here the complaint charges the infliction of bodily injuries upon plaintiff, and the fact that such infliction is alleged to constitute a breach of contract, instead of a breach of legal duty, makes it none the less an action for injuries to the person. And if the action is in fact one for injury to the person, then the notice must be served, no matter what form the action takes."

(3) In the same volume of A. L. R., on page 1314, the annotator says: "Where a statute limits the time in which an action for 'injuries to the person' may be brought, the statute is applicable to all actions, the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, in preference to a general statute limiting the time for bringing actions *ex contractu.*" Citing many authorities.

We do not overlook the fact that the Wisconsin Statute set out in the foregoing quotation reads, "No action *to recover damages* for injury to the person." While it is true that the italicized words do not appear expressly in the Tennessee one year statute, as above stated, this Court has reached the conclusion that the Tennessee statute is fairly to be construed as having the same meaning.

Construing the Indiana statutes, similar to ours, the Federal Court of Appeals, in *B. & O. R. R. Co.* v. *Read,* 223 Fed., 689 (C. C. A.), a suit for personal injuries suffered in a railroad accident, held that the two-year statute, "for injuries to person or character; applied, and

not the six-year statute relating to contracts. While earlier cases in Indiana, notably *Staley* v. *Jameson,* 46 Ind., 159, 15 Am. Rep., 285, and *Burns* v. *Barringfield,* 84 Ind., 43, had held otherwise, the Court followed the later cases of *Boor* v. *Lowrey,* 103 Ind., 468, and *Hess* v. *Lowery,* 122 Ind., 226, and *Feary* v. *Hamilton,* 140 Ind.. 45. The last three cases cited dealt with abatement by death of a party, holding that whether the action is *ex contractu* or not, if the recovery sought related primarily to personal injuries, then the shorter limitation applied. In *Hess* v. *Lowrey, supra,* authorities are cited for the proposition that "the nature of the damage sued for, and not the nature of the cause, determines whether or not the action survives" and this rule is extended to all actions brought to recover damages for injuries to the person.

So, in *Birmingham* v. *Chesapeake & Ohio Railway Co.,* 98 Va., 548, 37 S. E., 17, the action was brought in assumpsit to recover damages for personal injuries sustained by the plaintiff through the defendant's negligence while the plaintiff was a passenger on the defendant's railway train. It was contended that the applicable statute of limitations should be determined by the averment that the injury was caused by defendant's breach of its contract to safely transport the plaintiff, and that the three-year statute should be applied, which prescribed a limitation of three years upon all contracts, except those specifically mentioned as included in some other limitation. The one-year statute, which the Supreme Court of Appeals of Virginia held applicable, included every personal action for which no limitation was otherwise prescribed, if it was of such a nature that it would not survive in case of the death of the plaintiff

or defendant, as at common law. In holding the one-year statute applicable, the court said:

"This position is not tenable. The limitation is not determined by the form of action, but by its object. If the thing complained of is an injury to the person, the limitation in assumpsit is the same as if the action were in form *ex delicto*. 'Whenever the injury is merely personal, whether resulting from breach of contract or from tort, the maxim, *actio personalia moritur cum persona*, prevails.' *Grubb* v. *Sult*, 32 Gratt, 203. "The object of the suit at bar being to recover damage for personal injuries alleged to have been sustained by the plaintiff, the limitation in tort actions is applicable."

The two cases perhaps most strongly relied on by counsel for plaintiff in error are *Sellers* v. *Noah*, decided by the Supreme Court of Alabama, 209 Ala., 103, 95 So., 167, and *Burke* v. *Mayland*, 149 Minn., 481, 184 N. W., 32. These cases, on the face of the opinions, appear directly to sustain the insistence that the contract limitation applies, but they both afford illustrations of the necessity of looking to the language of the statutes. We find that the Alabama statute, upon a construction of which the decision in *Sellers* v. *Noah*, necessarily rested, reads as follows:

"Limitation of one year. Within one year—Actions for any injury to the person or rights of another, *not arising from contract* and not herein specifically enumerated." We have italicized the controlling words. It being found by the Court that the action in that case arose from contract, the application of the contract statute necessarily followed, and the holding becomes valueless here.

So, we find the statute of Minnesota to read as follows:

"The following actions shall be commenced within two years: 1. For libel, slander, assault, battery, false imprisonment *or other tort* resulting in personal injury." Obviously, *Burk* v. *Mayland, supra,* and the earlier Minnesota cases of *Finch* v. *Bursheim,* 122 Minn., 152, also an action against a physician for malpractice, are without controlling application here, in view of the inclusion in the statute of the italicized words, which clearly have the effect of limiting the Minnesota statute to tort actions.

On the other hand, equally inapplicable is the decision, cited on behalf of the defendant in error, of *Fadden* v. *Satterlee,* 43 Fed., 568, a malpractice case, wherein the action was held barred by the short term statute, it appearing that the language of the Iowa statute under consideration in that case is as follows: "Actions founded on injury to the person or reputation, *whether based on contract or tort,* or for a statute penalty, within two years." The italicized words are as controlling in favor of the short term limitation as was the language of the statutes of Minnesota and Alabama of the contract statute.

And so, an examination of the statute of Rhode Island renders the holding relied on to sustain the application of the two-year statute instead of the six-year statute, in a malpractice case, being the much cited opinion in *Griffin* v. *Woodhead,* 30 R. I., 204, useless as authority in giving construction to the Tennessee statute, the decision being plainly governed by controlling language in the Rhode Island statute. A review of decisions relied on from other jurisdictions would disclose, as already suggested, a like inapplicability, when the statutes under consideration are examined.

It must be conceded, however, that the statutes in the States of Kentucky and Georgia are essentially similar

to the Tennessee statutes and that the Courts of these States appear to have reached the conclusion that where the plaintiff has two distinct cases of action, one grounded on a contract and the other in tort, and elects to bring his action on contract, that the contract statute applies. *Menefee v. Alexander,* 107 Ky., 279; *Wood v. Downing's Admr.,* 110 Ky., 656; *Paterson v. Augusta & Savannah R. R.,* 94 Ga., 140. And in an opinion by Mr. Justice BREWER in *Kansas Pac. Ry. Co. v. Hunkel,* 17 Kan., 145, the contract clause of the limitation statute was held applicable to a suit for personal injuries, the learned writer of that opinion recognizing the right of election between actions *ex contractu* and *ex delicto* and holding the contract statute applicable when an action against a common carrier has been grounded on the breach of contract.

Turning now to a brief discussion of certain Tennessee cases, we find that, while conceding that none of them are directly decisive of the instant case, the following are relied on as tending to support the application of the contract statute, either by alleged analogy, or by reason of expressions contained in the opinions: *Burson v. Cox,* 65 Tenn. (6 Bax.), 360; *Bruce v. Baxter,* 7 Lea, 477; *Kirkman v. Phillips Heirs,* 7 Heisk., 223, and the companion cases of *Alsobrook v. Hathaway,* 3 Sneed, 454; *Campbell & Co. v. Reeves,* 3 Head, 226; *McCombs v. Guild, et al.,* 9 Lea, 82; *Whitaker v. Poston,* 120 Tenn., 207; *Frankfort Land Co. v. Hughett,* 137 Tenn., 52; Also *Railroad v. Neal,* 79 Tenn., 270.

*(4)* Without expressing disapproval of the result reached in *Barson v. Cox, supra,* on the facts of that case, a distinction may fairly be drawn. In that case there was clearly a right of action independent of the assault made upon the person of the plaintiff incidental to a trespass upon his realty, which action for trespass was the

foundation of the suit. The personal injury for which recovery was incidentally sought was not the basis of the action.

While in *Bruce* v. *Baxter, supra,* the Court held the six-year-statute applicable in an action against an Attorney, it was found and held that the liability in that case grew out of a breach of his contract to make certain collections. There was no element of injury to the person involved and such injury as the plaintiff suffered to his property was clearly an incident and outgrowth of the breach of this contract.

(5) The line of cases beginning with *Kirkman* v. *Phillips Heirs, supra,* involved the construction of Shannon's Code, section 4470, and not the section now under review, that section relating to injuries to property and actions for the detention or conversion of personal property and fixing a three-year limitation. It was held that the owner of personal property which has been converted has three years in which to bring an action for the property, or for damages, but that he has six years in which to sue for its value. It was the conversion clause of this three-year statute which was under consideration. These cases did not construe the phrase "injuries to personal or real property," and while an analogy may plausibly be urged, it is not controlling.

*Louisville & Nashville Ry. Co.* v. *Neal,* 11 Lea, 270, was an action against the Railroad Company for failure to deliver goods as per contract. The Railroad defended on the ground that the gist of the action was the injury to personal property and invoked the bar of the three-year statute. However, it was held that the three-year statute was inapplicable and that the plaintiff had six years in which to bring his action for breach of contract. The Court said: "This is not an action for injury to

personal property, nor for the detention or conversion of the same." It was not a case where goods were injured in transportation, but where no delivery was ever made.

*Whitaker* v. *Poston, supra,* was an ejectment suit to establish title to a tract of land and to recover the value of timber cut therefrom. Defendant pleaded the three-year statute, insisting that this was an action for injury to real property. This Court held the six-year statute applicable, that where trees are severed from the realty the proper statute of limitations applicable to an action to recover the value thereof is section 4472. This holding is supported by the rule that an action of trover lies for the wrongful severance of trees from real estate. 26 R. C. L., 1109. It was not so much an action to recover for injuries to property, real or personal, but an action to recover for the value.

On the other hand, *Blackwell* v. *Railroad,* 124 Tenn., 516, is relied on as tending to support the application of the one-year statute, and while the case is not directly determinative, expressions contained in the opinion appear to favor the construction now being given to the one-year statute in the instant case. For example, the Court therein says:

"The word 'for,' above used in connection with and preceding the words 'injury to the person,' can have no other meaning than *on account of* or *because of injury to the person,* and in this well-known meaning, the word 'for' is the connecting link which binds the statute giving the parent a right to sue to the one-year statute of limitations."

*(6)* The conclusion reached, as heretofore stated, that the language of the one-year statute, "all actions for . . . injuries to the person," has application when-

ever the action is one by which it is sought to recover damages for injuries inflicted upon the person, is not only justified by a natural and plausible interpretation of the language employed, but also by what is conceived to be a practical construction heretofore quite generally given to the statute by the profession and the holdings of trial courts; and further, perhaps, by the probable purpose of the law makers to thus limit the bringing of actions the disposition of which involves the production of evidence in its nature particularly difficult to perpetuate and easy to manufacture, or manipulate, after a lapse of years.

While the writer of this opinion has been impressed with the force of the proposition that our six-year statute should be given application whenever the plaintiff has a clear, distinct cause of action grounded on a contract, and has exercised his election to sue thereon, he has been induced to concur in the conclusion reached by the considerations set forth in the last preceding paragraph. It results that there is no error in the judgment sustaining the plea of the one-year statute.

(7) It is also insisted that plaintiff in error was kept in ignorance of the wrong, and that the statute did not begin to run until its discovery. We do not find that the allegations of the declaration bring the case within the rule invoked, in that it is not alleged that the defendant knew of and purposely concealed the facts. Fraudulent concealment, essential to this theory, is not therefore shown. This question has been more elaborately treated in the opinion of Mr. Justice SWIGGART in the companion suit brought by the husband, today decided.

The judgment dismissing the suit must be affirmed.