IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 15, 2018 Session

## IN RE ELEANOR CHAPPELL REVOCABLE LIVING TRUST

**Appeal from the Probate Court for Shelby County**
**No. PR-8164 Karen D. Webster, Judge**

_____

**No. W2017-02541-COA-R3-CV**

_____

Decedent's son, Appellant, sought to set aside Decedent's trust, alleging that Decedent lacked capacity at the time she executed the trust and that Appellees, Decedent's sister and the sister's husband, exercised undue influence over Decedent in the execution of the trust. Appellees moved for dismissal arguing that Appellant's lawsuit was barred by *res judicata* based on Appellant's previous suit for conservatorship over Decedent. The trial court held that the elements of *res judicata* were not met but dismissed Appellant's lawsuit on its finding that same was barred by the six-year statute of limitations for claims for breach of fiduciary duty under Tennessee Code Annotated section 28-3-109(a)(3). We conclude that the trial court's conclusion as to *res judicata* was correct. However, because Appellant's complaint does not state a cause of action for breach of fiduciary duty, the applicable statute of limitations is that set out in Tennessee Code Annotated section 35-15-604(a)(1), and Appellant's lawsuit was timely filed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Affirmed in Part, Reversed in Part, and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Edward T. Autry and Hannah Elizabeth Bleavins, Memphis, Tennessee, for the appellant, Arthur Bowen, Jr..

Chasity Sharp Grice, Memphis, Tennessee, for the appellees, Rose Marie Smith, and Oscar E. Smith, Jr..

**OPINION**

# I. Background

In 2004, Eleanor Chappell ("Decedent") was living in Los Angeles, where she was employed as a school teacher. In August 2004, Decedent's principal notified Decedent's son, Appellant Arthur Bowen, Jr., that he had observed a rapid deterioration in Decedent's health. Appellant traveled to Los Angeles, where he found Decedent's home in disarray. Appellant contacted Decedent's sister, Rose Marie Smith (together with her husband, Oscar, "Appellees") to see if Mrs. Smith would allow Decedent to live with her in Memphis while Appellant sorted Decedent's affairs in Los Angeles. Although Mrs. Smith initially refused Appellant's request, she later agreed. Decedent moved into Mrs. Smith's home in September 2004.

By early 2005, Appellant had sorted Decedent's affairs in Los Angeles such that she could return to live there. At this point, Appellees allegedly refused to allow Decedent to return to Los Angeles and insisted she continue to live with them in Memphis.

On April 8, 2005, Appellant filed a petition for appointment of conservator requesting that the trial court appoint him conservator over Decedent. On December 21, 2005, Decedent filed a motion to dismiss the conservatorship action. By order of March 8, 2006, the Shelby County Probate Court granted Decedent's motion.

While the conservatorship matter was pending, on June 1, 2005, Decedent executed the Eleanor Chappell Revocable Trust, which named: (1) Decedent as the Primary Trustee; (2) Mrs. Smith as the Successor Trustee; and (3) Oscar Smith as the First Alternate Trustee. Substantively, the trust provided that Decedent was the primary beneficiary during her lifetime. Following Decedent's death, the assets of the trust would pass to the Grandchildren's trust established for the benefit of Decedent's two grandchildren, Bryce Bowen and Lena Bowen (Appellant's children). The grandchildren's trust named Decedent's nephew, James Chappell, as the Primary Trustee, and named Mrs. Smith as the Successor Trustee.

On December 22, 2008, Decedent executed a First Amendment to the Revocable Trust. The amendment named Decedent's niece, Lontoinette Christina Smith, as Second Alternative Trustee of the living trust and named Mrs. Smith as the Primary trustee of the grandchildren's trust, with Lontoinette Smith as the Successor Trustee.

On October 13, 2009, Decedent executed a Second Amendment to the Living Trust to designate Mrs. Smith as Secondary Trustee of the grandchildren trust. This amendment also named Mrs. Smith as a residuary beneficiary of the living trust and bequeathed all of Decedent's personalty to Mrs. Smith. The second amendment also named Bryce Bowen and Lena Bowen as beneficiaries of the Grandchildren's trust and gave a specific bequest of $50,000 to the grandchildren's trust.

On September 6, 2016, Decedent died at age 76.  On March 7, 2017, Appellant filed a "complaint to contest and set aside revocable trust, to set aside first amendment, and to set aside second amendment and for injunctive relief" arguing that Appellees had exercised undue influence, dominion, and control over Decedent in regard to the execution of the trust and amendments thereto.  As such, Appellant sought to set the trust aside.  On March 22, 2017, the trial court entered a temporary restraining order prohibiting Mrs. Smith from disbursing any of the trust assets pending adjudication of Appellant's complaint.

On April 26, 2017, Appellees filed a motion to dismiss or, in the alternative, motion for summary judgment.  Appellees argued that Appellant had failed to state a claim under Tennessee Rule of Civil Procedure 12.02(6).  In the alternative, Appellees claimed that Appellant's complaint was time barred by the doctrine of *res judicata* based on the probate court's dismissal of the conservatorship action, or, alternatively, that Appellant's complaint was time-barred under the statute of limitations set out at Tennessee Code Annotated section 28-3-109(a)(3).  The trial court heard the motion on October 10, 2017.  By order of December 5, 2017, the trial court dismissed Appellant's complaint by granting the motion to dismiss on its finding that Appellant's complaint was barred by the six-year statute of limitations set out in section 28-3-109(a)(3).  The trial court denied the *res judicata* ground and the motion for summary judgment

## II. Issues

We perceive that there are two dispositive issues, which we state as follows:

1.  Whether Appellant's claims are barred by the doctrines of *res judicata* or collateral estoppel.

2.  If not, whether the trial court erred in applying a six-year statute of limitations under Tennessee Code Annotated section 28-3-109(a)(3).

We note that Appellant raises the issue of whether Appellees' motion to dismiss was converted to a motion for summary judgment due to the trial court's alleged consideration of matters outside the pleadings.  Tenn. R. Civ. P. 12.02 ("If, on a motion asserting the defense numbered [12.02](6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.").  The dispositive issues in this appeal involve only questions of law, which this Court reviews *de novo* with no presumption of correctness.  As such, the mechanism of adjudication in the trial court does not bear on our review.  Accordingly, we pretermit the issue.

### III. *Res Judicata* or Collateral Estoppel

"A trial court's decision that a subsequent lawsuit is barred by principles of *res judicata* presents a question of law which this court reviews de novo." ***In re: Estate of Boote***, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005). This Court has explained that

> *[r]es judicata*, or claim preclusion, "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been raised in the former suit." ***State ex rel. Cihlar v. Crawford***, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000). Collateral estoppel, or issue preclusion, bars the same parties or their privies from relitigating in a second suit issues that were actually raised and determined in the former suit. ***Massengill v. Scott***, 738 S.W.2d 629, 631 (Tenn. 1987); ***Cihlar***, 39 S.W.3d at 178-79.

***

> A party defending on the basis of *res judicata* has the burden of proving the following elements: "(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties or their privies were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits." ***Lee v. Hall***, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

***Acuity v. McGhee Engineering, Inc.***, 297 S.W.3d 718, 734-35 (Tenn. Ct. App. 2008), *perm. app. denied* (Tenn. Aug. 17, 2009). As further explained in ***Acuity***,

> [t]he words "privy" and "privity" do not necessarily have the same meaning in the context of *res judicata* as they do in the context of contractual relationships. *See* ***Putnam Mills Corp. v. United States***, 202 Ct.Cl. 1, 479 F.2d 1334, 1340 (1973). In the context of *res judicata*, "privity" means "an identity of interests relating to the subject matter of the litigation, and it does not embrace relationships between the parties themselves." ***Carson v. Challenger Corp***., No. W2006-00558-COA-R3-CV, 2007 WL 177575, *3 n. 3 (Tenn. Ct. App. Jan. 25, 2007). The existence of privity or identity of interest depends upon the facts of each case. ***Cihlar***, 39 S.W.3d at 181.

***Acuity***, 297 S.W.3d at 735. Here, the trial court found that Appellees and Decedent were not privies, specifically that

[w]hile it stands to reason that Eleanor Chappell is not the same party as Oscar E. Smith, Jr. and the Trustee[, i.e., Mrs. Smith] under her Revocable Living Trust, the question becomes whether or not Eleanor Chappell and the Trustee under her Revocable Living Trust and Oscar E. Smith, Jr. are parties in privy with Eleanor Chappell . . . . The Trustee's interest in the Revocable Living Trust is not the same as Eleanor Chappell's interest in the Conservatorship case. The Trustee's interest in the case presently before the Court is to manage the Decedent's assets, whereas, Eleanor Chappell's interest in the Conservatorship action was to maintain[] her rights as a human. Thus, this Court concludes that the Trustee of the Revocable Living Trust and Oscar E. Smith, Jr. are not in privy with Eleanor Chappell under the Conservative action; and, the element of the "same parties" being involved in both suits is not established.

From our review, we agree with the trial court's findings. Decedent's interest in the conservatorship action is not the same as Appellees' interest in the instant case. Accordingly, we affirm the trial court's finding that *res judicata* is not a bar to Appellant's claims. Likewise, because the same parties or privities are not involved in both lawsuits, the trial court also properly denied relief on the ground of collateral estoppel.

The trial court further held that *res judicata* does not bar Appellant's lawsuit because the conservatorship action and the instant lawsuit do not concern the same cause of action. Specifically, the trial court's order states that

[t]he prior cause of action was a conservatorship case, and the present cause of action is a complaint to attack the establishment of a Trust. While these are two distinct causes of action, the issue before the court in the motion to dismiss under the conservatorship is also different from the issue that is before the court in the complaint. At issue in the former case was the degree of Eleanor Chappell's mental disability, in contrast to the issue under the complaint, which is Eleanor Chappell's mental capacity to establish the Trust. Thus, it would appear that these cases represent two separate causes of action in both respects. Thus, the element of "same cause of action" has not been satisfied.

We agree. In the conservatorship action, Appellant was not attempting to set aside the Decedent's trust; rather, Appellant was seeking a determination of whether Decedent's mental capacity rendered her in need of a conservator. In fact, at the time Appellant instigated the conservatorship action, on April 8, 2005, Decedent had not yet executed her trust or any amendments thereto. The trust was executed on June 1, 2005. The amendments were executed on December 22, 2008 and October 13, 2009 respectively.

- 5 -

# IV. Statute of Limitations

The trial court ultimately held that Appellant's lawsuit is barred "due to the complaint being time barred by Tenn. Code Ann. § 28-3-109(a)(3)." That statute provides that:

> (a) The following actions shall be commenced within six (6) years after the cause of action accrued:
>
> ***
>
> (3) Actions on contracts not otherwise expressly provided for.

This Court has held that, in the context of a trust, the statute of limitations set out at Tennessee Code Annotated section 28-3-109(a)(3) applies to causes of action a trust beneficiary may have against a trustee for breach of his or her fiduciary duty. *See Witty v. Cantrell*, No. E2010-02303-COA-R3-CV, 2011 WL 2570754, *9 (Tenn. Ct. App. June 29, 2011) ("[T]he six-year statute of limitations found at Tenn.Code Ann. § 28-3-109 . . . applies to claims against fiduciaries") (citing *Jackson v. Dobbs*, 290 S.W. 402, 403 (Tenn.1926)).

Appellant contends that the correct statute of limitations is set out in Tennessee Code Annotated section 35-15-604, which provides, in relevant part that:

> (a) A person may commence a judicial proceeding to contest the validity of a trust that was revocable immediately preceding the settlor's death within the earlier of:
>
> (1) Two (2) years after the settlor's death; or
> (2) One hundred twenty (120) days after the trustee sent the person a copy of the trust instrument and a notice informing the person of the trust's existence, of the trustee's name and address, and of the time allowed for commencing a proceeding.

The Tennessee Supreme Court has explained that:

> The choice of the correct statute of limitations is made by considering the "'gravamen of the complaint.'" *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006) (quoting *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003)). In common parlance, this rather elliptical phrase refers to the "substantial point," the "real purpose," or the "object" of the complaint. *Estate of French v. Stratford House*, 333 S.W.3d 546, 557 (Tenn. 2011) (quoting Black's Law Dictionary 770 (9th ed. 2009)) ("substantial point"); *Bland v. Smith*, 197 Tenn. 683, 686, 277 S.W.2d 377, 379 (1955) ("real

purpose"); ***Bodne v. Austin***, 156 Tenn. 353, 360, 2 S.W.2d 100, 101 (1928) ("object"), *overruled on other grounds* by ***Teeters v. Currey***, 518 S.W.2d 512, 517 (Tenn. 1974). It does not involve the "designation" or "form" of the action. ***Pera v. Kroger Co***., 674 S.W.2d 715, 719 (Tenn. 1984) ("designation"); ***Callaway v. McMillian***, 58 Tenn. (11 Heisk.) 557, 559 (1872) ("form"). Determining the "gravamen of the complaint" is a question of law. ***Gunter v. Lab. Corp. of Am***., 121 S.W.3d at 638.

***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 457 (Tenn. 2012) (footnote omitted). Likewise, whether a claim is barred by an applicable statute of limitations is a question of law. ***Brown v. Erachem Comilog, Inc***., 231 S.W.3d 918, 921 (Tenn. 2007) (citing ***Owens v. Truckstops of Am.***, 915 S.W.2d 420, 424 (Tenn. 1996)).

Turning to Appellant's complaint, the relief he seeks is to set aside Decedent's trust and any amendments thereto on the grounds that: (1) Decedent "lacked testamentary capacity at the time she executed the Revocable Trust [and both amendments thereto];" and (2) the trust and any amendments thereto were the result of Appellees' exercise of undue influence over Decedent. Appellant further asserts that Appellees: (1) engaged in a civil conspiracy "to acquire for their own use and benefit all assets belonging to Decedent by unduly influencing the Decedent to execute the [trust and amendments thereto.];" and (2) committed the tort of intentional interference with an inheritance by "taking advantage of Decedent's weakened physical condition and impaired mental condition to improperly persuade and unduly influence the Decedent to prepare and execute [the trust.]." Nowhere in the complaint does Appellant assert that Appellees were acting in a fiduciary capacity *vis-à-vis* Decedent. Rather, Appellant asserts undue influence, which arises when there is a "confidential relationship, followed by a transaction wherein the dominant party receives a benefit from the other party." ***Matlock v. Simpson***, 902 S.W.2d 384, 386 (Tenn. 1995). A confidential relationship is any relationship that gives one person dominion and control over another, *see* ***Mitchell v. Smith***, 779 S.W.2d 384, 389 (Tenn. Ct. App.1989); however, a confidential relationship is not, *ipso facto*, a fiduciary relationship. As noted above, Appellant seeks to set aside the trust and amendments thereto based on allegations of lack of capacity and undue influence occurring at or near the time Decedent executed these documents. In the first instance, there can be no finding that Appellees were acting in a fiduciary relationship to the Decedent at the time the Decedent executed the trust. This is because the Decedent was named as the original trustee of her trust. It was not until Decedent died that Appellees' fiduciary capacity was triggered. Appellant seeks to set aside the trust based on the facts in existence at the time of the making of the trust and not based on facts in existence after Decedent's death. As such, his complaint does not assert a claim for breach of fiduciary duty on the part of Appellees. Accordingly, the trial court erred in applying the six-year statute of limitations set out at Tennessee Code Annotated section 28-3-109(a)(3). The correct statute of limitations, as set out at Tennessee Code Annotated section 35-15-604(a), is "the earlier of . . . two (2) years after the settlor's

death," or "[o]ne hundred twenty (120) days after the trustee sent the person a copy of the trust instrument." ***Id.*** There is no indication in the record that Appellant was provided a copy of the trust instrument; accordingly, the expiration of the statute of limitations is two years after Decedent's death, or September 4, 2018. Appellant filed his complaint on March 7, 2017. Accordingly, the complaint was timely, and the trial court erred in dismissing the case.

## V. Conclusion

For the foregoing reasons, we reverse the trial court's order dismissing Appellant's complaint as untimely. The order is otherwise affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellees, Rose Marie Smith and Oscar E. Smith, Jr., for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE