PINKERTON AND LAWS COMPANY, for its own Use and for the Use of American Motorists Insurance Company, Plaintiff-in-Error,

*v.*

NASHVILLE FLYING SERVICE, INC., Defendant-in-Error.

402 S.W.2d 861.

(*Nashville,* December Term, 1965.)

Opinion filed April 15, 1966.

Smith, Swift, Currie, McGhee & Hancock, Atlanta, Ga., Thomas, C. Binkley, Philip M. Carden, Nashville, of counsel, for plaintiff in error.

Joseph G. Cummings, of Boult, Hunt, Cummings & Conners, Nashville, for defendant in error.

Mr. Justice Chattin delivered the opinion of the Court.

Pinkerton and Laws Company, for its own use and for the use of American Motorists Insurance Company, has appealed from the action of the trial court in sustaining a demurrer to its declaration and has assigned error.

The allegations of the declaration, which on this appeal must be taken as true, are that on July 13, 1962, the plaintiff entered into a contract with the defendant,

Nashville Flying Service, Inc., whereby the defendant agreed for a valuable consideration to perform a 100-hour inspection of an airplane; to service the plane and to make such repairs as might be needed to render the airplane safe and airworthy for a further one hundred hours of operation. That on the same day defendant, through its agents, undertook to perform the contract, but its agents failed to put oil in a device known as a nose-wheel shimmy dampener, because they failed to exercise the requisite skill and diligence either in making the inspection or in performing the service which a proper inspection would have shown was necessary.

It is then alleged as a proximate result of this breach of the contract, the nose-wheel shimmy dampener failed to operate properly on a landing four days later, and the resulting vibration caused physical damage to the airplane.

Plaintiff sought to recover as damages the costs of repairs and the rental value of another airplane while repairs were being made, together with interest on the sums thus expended.

The defendant demurred to the suit on the ground the statute of limitations of three years had run, thus barring the action.

The question made by the pleadings is whether the action for the breach of the contract and resulting damage to the airplane is governed by our statute of limitations of six years (T.C.A. Section 28-309) applicable to "actions on contracts not otherwise expressly provided for" or governed by our statute of limitations of three years (T.C.A. Section 28-305) applicable to "[a]ctions for injuries to personal or real property."

In behalf of plaintiff it is argued this suit is not an action for an injury to property. But, "it is an action for an injury to a right arising from a contract to which both plaintiff and defendant are parties; and it is, therefore, an injury to a property right only in the sense that all breaches of contracts are injuries to property rights."

The basis of the claim, however, is the physical injury or damage caused to the airplane by the failure of the agents of defendant to put oil in the nose-wheel shimmy dampener. Although plaintiff may be suing for breach of contract, its action is one for damages or injuries to personal property.

Thus, the suit sounds in tort, although it grew out of the contractual relationship of the parties. No part of the contract is sought to be enforced by the action.

The word "actions" as used in T.C.A. Section 28-305 does not refer to the form of remedial procedure for the recovery of damages for injuries to personal or real property, but to the subject matter. Whether an action for the recovery of damages for injuries to personal or real property results from a breach of contract, or from a tort independent of contract is immaterial. *Bodne v. Austin,* 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410 (1928); *Hackworth v. Ralston Purina Company,* 214 Tenn. 506, 381 S.W.2d 292 (1964).

We think the question presented for determination in this case was settled by the decision in the case of *Hackworth v. Ralston Purina Company,* supra.

In that case, Mrs. Hackworth bought some gas heaters manufactured by Cumberland Case Corporation from the defendant, Ralston Purina Company, which were

advertised and represented to be suitable to heat chicken houses. She alleged the gas heaters were constructed of metal with a melting point so low their own heat melted them. She charged that due to this faulty construction of the heaters some of the heaters exploded and burned a large chicken house, some equipment therein and several thousand chickens.

She further alleged that since the heaters were not properly constructed they were not suitable for the use represented and the defendants were guilty of a breach of contract of warranty resulting in her loss.

The defendants demurred on the ground the statute of limitations of three years had run; thus, barring her action.

In disposing of the insistence of Mrs. Hackworth that an action for a breach of implied warranty and resulting property damage was governed by our statute of limitations applicable to "actions on contracts not otherwise expressly provided for," rather than our statute of limitations applicable to "[a]ctions for injuries to personal or real property," this Court, in an opinion written for the Court by Mr. Justice White said:

"In the case of *Bodne v. Austin,* supra, it was insisted that the six year statute (T.C.A. sec. 28-309) reading 'actions on contracts not otherwise expressly provided for,' and not the one year statute (T.C.A. sec. 28-304) reading 'all actions for injuries to the person' applied to a suit against a dentist on his contract to extract the plaintiff's teeth and make her a new set. The dentist had broken off one of her jaw teeth and left it in the gum, causing her great pain, suffering and loss of time.

"This Court held that the effect of the Tennessee statutes is to limit the bringing of a suit to one year, whenever the action is one to recover damages for injuries to the person irrespective of the fact that prior to the statute there could have been two independent causes of action, one on contract and the other in tort, between which the plaintiff might have chosen. The Court said:

" 'The word "action" as used in the statute, has reference to the subject-matter or nature thereof, not to its form as a matter of remedial procedure. Whether it be in tort or on contract, it is an action to recover damages for injuries to the person, and comes alike under the terms of the statute, since the phrase therein, "no action to recover damages for injuries to the person," refers to bodily injuries, and not to injuries to feelings.' 156 Tenn. at 357, 2 S.W.2d at 101.

"The reason and logic of the Bodne case, supra, is certainly applicable to the instant case. Here, although the plaintiff may be suing on warranty implied by law her action is still one for damage to personal property. Therefore, said action, not having been brought within the three year period allowed by T.C.A. sec. 28-305 for such actions, is barred.

"This is not a suit seeking to rescind a contract and recover purchase money of the subject of the contract, but is one based upon loss of personal property flowing from an implied warranty, admitted by the demurrer.

"The demurrer admits the improper and faulty construction of the heaters involved, but contends that, as a matter of law the suit sounds in tort because it grows out of the contractual relationship of the parties

and no part of the contract is sought to be enforced by the action.''

The record in this case shows this action was brought more than three years and less than six years from the accrual thereof for the damages above mentioned.

Accordingly, the judgment of the trial judge in finding T.C.A. Section 28-305 was applicable and in sustaining the demurrer is affirmed.

BURNETT, CHIEF JUSTICE, and DYER and CRESON, JUSTICES, concur.

WHITE, JUSTICE, not participating.