JAMES W. WILLIAMS and wife,
CLARA ELLEN WILLIAMS, Appellees,

*v.*

JOHN B. THOMPSON and CHARLES W. RUSSELL,
Individually and d/b/a Thompson and Russell
Enterprises, and Thompson and Russell Builders,
Inc., Appellants.

443 S.W.2d 447

(*Jackson,* April Term, 1969.)

Opinion filed June 27, 1969.

RIVES MANKER, Memphis, of counsel: MANKER & IRONS, Memphis, for appellees.

LAWSON F. APPERSON, Memphis, for appellants, MARTIN, TATE & MORROW, Memphis, of counsel.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

The primary issue here involved is whether the three year statute of limitations contained in T.C.A. sec. 28-305 for damage to property applies. By demurrer defendants contended this statute barred the action. The Chancellor overruled this contention, but allowed a discretionary appeal. We think the Chancellor erred.

The original bill admits upon its face the following facts: Complainants entered into a contract dated July 23, 1962 with defendants Thompson and Russell Enterprises, for the purchase of a lot in Memphis, Shelby County, Tennessee, and for the construction of a residence thereon. Thompson and Russell Enterprises is a partnership composed of John B. Thompson and Charles W. Russell. Construction of the residence was completed, complainants began occupancy of the same, and a war-

ranty deed executed by Thompson & Russell Builders, a corporation, was delivered to complainants on January 25, 1963.

About six months after the date of delivery of the deed and the occupancy of the premises, complainants noted defects in the residence such as cracks in the walls, window and door frames out of alignment, settling of the foundation and sinking of the house into the ground.

To recover damages for injury to real property arising out of the contractual relationship of the parties, this action was commenced on July 19, 1968.

From the recital of the facts it is clear the action was commenced more than three years after the execution of the contract; more than three years after the date the residence was completed and occupied by complainants; and more than three years after the date complainants first had knowledge of the damage.

Actions for injuries to personal or real property must be commenced within three years from the accrual of the cause of action. T.C.A. sec. 28-305.[1]

■ The word "actions" as used in this Code section refers to the subject matter of the controversy and not to the remedial procedure. Whether an action for the recovery of damages for injury to personal or real property results from a breach of contract or from a tort, independent of contract, is immaterial. *Bodne v.*

---

[1] "28-305. Property tort actions—Statutory liabilities—Alienation of affections.—Actions for injuries to personal or real property, actions for the detention or conversion of personal property, civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability, and actions for alienation of affections, shall be commenced within three (3) years from the accruing of the cause of action."

*Austin,* 156 Tenn. 353, 2 S.W.2d 100, 62 A.L.R. 1410 (1928); *Hackworth v. Ralston Purina Co.,* 214 Tenn. 506, 381 S.W.2d 292 (1964); *Pinkerton & Laws Co. v. Nashville Flying Service, Inc.,* 218 Tenn. 252, 402 S.W.2d 861 (1966).

Under these authorities, although complainants' bill sounds in contract, alleging a breach of an implied warranty in the contract of sale, dated July 23, 1962, in that defendants did not construct the residence in a good and workmanlike manner, the only injury alleged in the bill is physical injury to the residence which allegedly occurred and was known to complainants more than three years prior to commencing the action.

■ Under these circumstances, it is clear from the cases cited that T.C.A. sec. 28-305 furnishes the period of limitation of the action, and not the six year statute, T.C.A. sec. 28-309, as appellees contend.[2]

In *Bodne,* after the most elaborate and complete consideration of the nature and purpose of our statutes of limitation it was held that although the action sounded in breach of contract, because it sought recovery for injury to the person the one year statute of limitations applying to "all actions for * * * injuries to the person" applied. The Court said that this statute "has application whenever the action is one by which it is sought to recover damages for injuries inflicted upon the person, is not only justified by a natural and plausible interpretation of the language employed, but also by what is conceived to be a practical construction heretofore quite generally given to the statute by the profession and the

---

[2] "T.C.A. 28-309. Rent—Misconduct of public officers—Contracts not otherwise covered.—* * * and actions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued. * * *"

174

holdings of trial courts; *and further, perhaps, by the probable purpose of the lawmakers to thus limit the bringing of actions, the disposition of which involves the production of evidence in its nature particularly difficult to perpetuate and easy to manufacture, or manipulate, after a lapse of years."*

*Bodne,* in *Hackworth v. Ralston Purina Co.,* supra, which was an action to recover damages for breach of warranty resulting when gas heaters bought from defendant exploded and damaged a large chicken house, this Court dealt with the exact questions presented here, in this language:

"We think the answer to one question is determinative of this case. The question, put simply, is whether T.C.A. sec. 28-305 or T.C.A. sec. 28-309 is the applicable statute of limitations governing the action in question. *More specifically, is an action for breach of implied warranty and resulting property damage governed by our statute of limitations applicable to 'actions for injuries to personal or real property' or governed by our statute applicable to 'actions on contracts not otherwise expressly provided for?'*

"This is clearly an action for injury to personal property. Its gravamen is tortious injury to personal property. T.C.A. sec. 28-304 and T.C.A. sec. 28-305 are very similar in form. Each begins with the word 'actions' followed by a description of the type of action and then ends by stating that such type of action must be commenced within a certain time after the cause of action has accrued or be forever barred. T.C.A. sec. 28-304 applies to actions for personal injuries and T.C.A. sec. 28-305 applies to actions for injuries to personal property.

"*The word 'action', as used in the statute, has reference to the subject-matter or nature thereof, not to its form as a matter of remedial procedure.* Whether it be in tort or on contract, it is an action to recover damages for injuries to the person, and comes alike under the terms of the statute, since the phrase therein, 'no action to recover damages for injuries to the person,' refers to bodily injuries, and not to injuries to feelings. [*Bodne v. Austin*] 156 Tenn. at 357, 2 S.W.2d [100] at 101." *Hackworth v. Ralston Purina Co.*, 214 Tenn. 508, 381 S.W.2d 293.

This holding was again reviewed, and found to be sound in *Pinkerton & Laws Co. v. Nashville Flying Service*, supra.

Although appellees undertake to distinguish their case from the principle laid down in *Bodne, Hackworth* and *Pinkerton*, on the ground they have not alleged tort, and are suing simply because "appellants failed to comply with their contract, which caused the damages sustained" their case cannot be so distinguished. It is an action to recover damages on account of injury to real property and is controlled by T.C.A. sec. 28-305, as that Code section has been construed in *Hackworth* and *Pinkerton*.

The decree of the chancery court is set aside and the original bill is dismissed at the cost of the original complainants and their sureties.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.