**HARVEST CORPORATION, A Tennessee Corporation, Appellant,**

v.

**ERNST & WHINNEY, A Partnership, and Ernst & Ernst, A Partnership, Appellees.**

Court of Appeals of Tennessee, Western Section, sitting at Nashville.

June 27, 1980.

Application for Permission to Appeal Denied by Supreme Court Nov. 10, 1980.

Application to Rehear Denied by Supreme Court Jan. 5, 1981.

L. C. Waddey, Jr., Andrew S. Neely, Nashville, for appellant.

Joseph G. Cummings, Nashville, for appellees.

NEARN, Judge.

Harvest Corporation filed suit against the defendants Ernst & Whinney[1] a partnership and Ernst & Ernst a partnership. By motion to dismiss the defendants relied upon the three year statute of limitations as embodied in T.C.A. § 28–305. The Chancellor held the claim was barred by that statute of limitations and granted the motion to dismiss. The defendants have appealed and insist that the cause of action is governed by the six year statute of limitations set forth in T.C.A. § 28–309 and therefore is not barred.

The matter is for our determination only on the pleadings.

The complaint alleges that in July 1973 plaintiff employed the services of defendant Ernst & Ernst to audit the inventory of Boyd Nursery for the purpose of enabling plaintiff to evaluate the Boyd Nursery inventory in contemplation of plaintiff's purchase of the nursery and the establishment of a purchase price therefor.

The complaint charges that:

"8. Ernst & Ernst breached said employment contract."

"9. [F]ailed to exercise reasonable skill, diligence and due care in auditing the inventory...."

"10. [F]ailed to perform the audit of said inventory in accordance with generally accepted auditing standards...."

"11. [N]egligently failed to exercise reasonable care and diligence in making a qualitative evaluation of the plant inventory...."

"12. [N]egligently failed to determine and/or properly investigate the status of the real property on which the BOYD NURSERY inventory was located...."

Plaintiff charged other instances where the defendant "negligently failed to" satisfactorily perform said contract, but there is no need to list them further.

It is significant to note that although the gravamen of the complaint is that defendants overstated the value of Boyd Nursery, nowhere does the complaint charge the defendants with any fraud or conspiracy. The general tenor of the complaint is that the defendants attempted to perform the contract in an unprofessional manner thus leading plaintiff to pay an excessive price for the corporate stock of the company which defendants evaluated.

As a result of alleged misinformation furnished by the defendants and relied upon by the plaintiff, the plaintiff charged that it believed its damages to be in excess of 1.5 million dollars.

Ordinarily, a contract to furnish goods or services may be breached by (1) a renunciation or refusal to perform *in toto* (2) only a partial performance; (3) a performance in a defective or unagreed upon manner or (4) a combination of (1), (2), and (3). Insofar as a breach of contract action is concerned, it matters not a whit whether the breach was an intentional one or an unintentional one caused by negligence in attempting to perform. The action still remains in contract. *Mid-South Milling Co. v. Loret Farms, Inc.* (1975 Tenn.) 521 S.W.2d 586.

As the case of *Delmar Vineyard v. Timmons* (1972 Tenn.App., E.S.) 486 S.W.2d 914 elucidates, "Accountants owe a legal duty to their employer to make reports without fraud and a contractual duty to make them under the terms of the contract with care and caution required by the standards of their profession." 486 S.W.2d at 920. Thus when we have a contract whereby one party is to perform services for another party in a workmanlike manner, if the promisor's breach is by defective per-

1. Defendant Ernst & Whinney is the successor in interest of the partnership Ernst & Ernst.

formance which damages the promisee's property, then the cause of action lies in contract. However, dependant upon the nature of the damages claimed, the suit may be governed by the three year statute of limitations, T.C.A. 28–305,[2] as to real or personal property damage or by the six year statute, T.C.A. 28–309,[3] for contract cases "not otherwise expressly provided for...." See *Hillhouse v. McDowell* (1966) 219 Tenn. 362, 410 S.W.2d 162.

■ In determining whether the purpose of an action is to recover damages which are personal, to property, or on account of a breach of contract, the Court must look to the complaint and ascertain the basis for which damages are sought. *Bland v. Smith* (1955) 197 Tenn. 683, 277 S.W.2d 377, 379. In *Bland*, a case dealing with attorney malpractice, it was held:

"It will be found that the weight of authority to be [sic] in Tennessee and elsewhere that regardless of whether the suit is based on tort or contract the Court must look to the plaintiff's declaration to see whether or not he is suing for damages arising out of a contract or for damages arising out of a tort...." *Id.* at 380.

■ Therefore, when damages arise out of a contract it seems to us to matter little *how* the damages were sustained—that is, through allegedly negligent breach of contract or "ordinary" breach of contract; but the major criterion in ascertaining the gravamen of the action is the kind of damage alleged.

In medical malpractice cases, although the claim may arise in contract by virtue of the doctor-patient relationship, the damages are sustained on the person. Hence, the *damages* are for injuries to the person and governed by the one year statute of limitations (T.C.A. § 28–304) and not the general contract statute of limitations (T.C.A. § 28–309). However in legal malpractice cases grounded on the attorney-client relationship, the damages usually incurred are neither to the person nor property of the claimant but are to the client's "pocketbook". Therefore, the rule prior to the amendment to T.C.A. § 28–304, was that an attorney-client malpractice case would be governed by the general six year contract statute (§ 28–309). See *Hillhouse v. McDowell*, supra, and *Bland v. Smith*, supra.

■ Where the damages for which recovery is sought represent the cost of repair or the replacement cost of property entrusted to another for the performance of a service and such accrued damages are the result of negligent acts, the action is for damage to property and covered by T.C.A. § 28–305. See *Swauger v. Haury & Smith Contractors, Inc.* (1974 Tenn.) 512 S.W.2d 261 (defective septic tank); *Williams v. Thompson* (1969) 223 Tenn. 170, 443 S.W.2d 447 (defective construction of house); *Pinkerton & Laws Co. v. Nashville Flying Service, Inc.* (1966) 218 Tenn. 252, 402 S.W.2d 861 (repairs on airplane negligently done resulting in physical damage to plane); *Hackworth v. Ralston Purina Co.* (1964) 214 Tenn. 506, 381 S.W.2d 292 (chicken house with equipment and 12,000 chickens destroyed by defective heater).

■ Likewise, suits for fraud, deceit or conspiracy, whether they arise incident to a contract or not are actions in tort and must be governed by the applicable tort statute

---

**2.** "28–305. Property tort actions—Statutory liabilities—Alienation of affections.—Actions for injuries to personal or real property, actions for the detention or conversion of personal property, civil actions based upon the alleged violation of any federal or state statute creating monetary liability for personal services rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability, and actions for alienation of affections, shall be commenced within three (3) years from the accruing of the cause of action.

**3.** "28–309. Rent—Misconduct of public officers—Contracts not otherwise covered.—Actions for the use and occupation of land and for rent; actions against the sureties of guardians, executors and administrators, sheriffs, clerks, and other public officers, for nonfeasance, misfeasance, and malfeasance in office; and actions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued. Provided, that the cause of action on title insurance policies, guaranteeing title to real estate, shall accrue on the date the loss or damage insured or guaranteed against is sustained."

of limitations. See *Vance v. Schulder* (1977 Tenn.) 547 S.W.2d 927 (deceit in sale of corporate stock); *Budget Rent-A-Car of Knoxville, Inc. v. Car Services, Inc.* (1971) 225 Tenn. 342, 469 S.W.2d 360 (conspiracy to destroy plaintiffs' business); *Brown v. Dunstan* (1966) 219 Tenn. 291, 409 S.W.2d 365 (conspiracy to defraud and discredit plaintiff); *Edwards v. Travelers Insur.* (1976 6th Cir.) 563 F.2d 105 (deceit in settlement of insurance claim). At bar, neither fraud, deceit nor conspiracy are charged and no facts which could possibly constitute such have been pled.

With the foregoing general principles in mind, we examine the pleadings in this case and in order to determine the nature of plaintiff's cause of action look to the damages alleged.

The Boyd Nursery was not the property of plaintiff when the defendants performed their audit. There is no allegation that any acts of the defendants either increased or decreased the actual value of the Boyd Nursery. However, it is alleged in substance that the acts of the defendants in no way injured that nursery inventory "property". The defendants' alleged breach of contract occurred through their misstatement of said property's value. The inventory property was worth just as much before the defendants performed their task upon it as it was afterward. The complaint is that the defendants did not advise plaintiff of the inventory's true value, as they had contracted to do, and because of that breach of contract plaintiff paid an excessive price for the nursery. Thus the plaintiff allegedly suffered damages to its corporate treasury.

As we view this case, the damages sought are those ordinary money damages that result from a breach of contract. Such money damages do not constitute damage to "property". Therefore we respectfully disagree with the judgment of the Chancellor and find that he erred in holding that the case was governed by T.C.A. § 28–305 and we must remand same to the Trial Court.

Costs of appeal are adjudged against the appellee.

Done at Nashville in the two hundred and fourth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.