KIRBY FARMS HOMEOWNERS ASSOCIATION, A Tennessee Non–Profit Corporation; Neta B. Haley, James A. McCann, and wife, Deborah A. McCann, Patricia G. Tracey, Kenneth D. Benderman, John Seager, Dorris E. Weems, Kitty S. Stennett and Joe King, For Themselves Individually and as Representatives of a Class, Plaintiffs/Appellants,

v.

CITICORP, CITIBANK, N.A., Aspiration, Inc., and Kirby Farms Development Corporation, Defendants/Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 17, 1989.

Permission to Appeal Denied by Supreme Court June 5, 1989.

David F. Leake and Jeffrey D. Germany, Winchester Law Firm, Memphis, for plaintiffs/appellants.

Michael G. McLaren, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, for defendants/appellees.

McLEMORE, Special Judge.

Plaintiffs filed this class action against defendants in the Circuit Court for Shelby County seeking compensatory and punitive damages for alleged defects in and resulting damage to their condominium project. The complaint sought recovery under tort and contract theories. However, the trial court found the gravamen of plaintiffs' complaint sought damages for injury to real property and held all claims barred by the three-year statute of limitation, T.C.A. § 28–3–105.[1] On appeal, plaintiffs contend the six-year statute of limitation, T.C.A.

---

1. T.C.A. § 28–3–105. Property tort actions—Statutory liabilities—Alienation of affections. —The following actions shall be commenced within three (3) years from the accruing of the cause of action:

(1) Actions for injuries to personal or real property;

\*    \*    \*    \*    \*    \*

§ 28–3–109,[2] governs their contract claims. For the reasons stated, we affirm the judgment barring all claims.

Plaintiff, Kirby Farms Homeowners Association,[3] is a non-profit organization consisting of the individual owners of a condominium project known as "Kirby Farms Condominiums" located in Shelby County. Defendant Citibank is a wholly owned financial subsidiary of defendant Citicorp. Defendant Aspirations, Inc. is a wholly owned holding company of either Citibank or Citicorp.[4] Defendant Kirby Farms Development Company (KFDC) is a wholly owned subsidiary of Aspirations, Inc.

Robino–Ladd, Inc. and Five Colonies, Inc. originally started development and construction of the condominium project, financed by loans from Citibank. Robino–Ladd began experiencing financial difficulties before the project was completed and the loans went into default. In order to protect its monetary interests and avoid foreclosure transactions, Citibank agreed to accept title to the project. Rather than accept title directly, Citibank arranged for KFDC to take title. KFDC then assumed responsibility for directing the completion, marketing, and sales of the project's condominium units.

After the individual owners purchased and moved into their units, the complaint alleges that plaintiffs began to notice various defects in the project; including but not limited to the foundations, roofs, drainage systems, sanitary sewers, asphalt, stone work, brick work, sliding glass doors, carports, storage buildings, plumbing, wiring, heating and air conditioning, and recreational facilities. In April, 1978, representatives of the homeowners sent KFDC a letter demanding KFDC correct the defects. The letter also threatened legal action should KFDC not take steps to address these problems. KFDC replied by letter in May, 1978 suggesting that if the homeowners were dissatisfied, they were free to seek redress through the courts. However, the homeowners took no action at that time.

The present action was not filed until October 10, 1983, more than five years later. The complaint and amended complaints allege defendants were guilty of breach of express warranties, breach of implied warranties of workmanship and habitability, breach of oral warranties, breach of fiduciary duty, negligence, negligent misrepresentation, strict liability and fraudulent concealment. The trial court entered summary judgment for defendants based on the three-year statute of limitations for injury or damage to real property. T.C.A. § 28–3–105. The trial court found plaintiffs had notice or actual knowledge their cause of action existed in March or April of 1978. Suit not being filed until October, 1983, their claims were thereby barred by the applicable statute of limitations.

As the parties have stated, the determinative issue before this Court is whether the three-year statute of limitations for injury to real property (T.C.A. § 28–3–105) or the six-year statute of limitations for contracts not otherwise covered (T.C.A. § 28–3–109) applies to the facts of this case. Plaintiffs apparently concede the three-year statute bars their claims for negligence, negligent misrepresentation, strict liability and fraudulent concealment. On appeal, they only question the applicability of the three-year statute to their claims of breach of express warranty, breach of implied warranty and breach of fiduciary duty, contending these claims are governed by the six-year statute.

---

2. **T.C.A. § 28–3–109.** Rent—Official misconduct—Contracts not otherwise covered—Title insurance—Demand notes.—(a) The following actions shall be commenced within six (6) years after the cause of action accrued:

　　*　　*　　*　　*　　*　　*

　(3) Actions on contracts not otherwise expressly provided for.

　　*　　*　　*　　*　　*　　*

3. Several individual unit owners are also named plaintiffs.

4. Paragraph four of plaintiff's amended complaint alleged alternative ownership. In their answers, Citicorp and Aspirations, Inc. merely admit the allegations of paragraph 4 without revealing which company holds the ownership interest in Aspirations, Inc.

■ It is well settled in this state that the gravamen of an action, rather than its designation as an action for tort or contract, determines the applicable statute of limitations. *Pera v. Kroger Co.*, 674 S.W.2d 715, 719 (Tenn.1984). The word "actions" in T.C.A. § 28–3–105 refers to the subject matter of the controversy and not to the remedial procedure. Whether an action for the recovery of damages to personal or real property results from a breach of contract or from a tort, independent of contract, is immaterial. *Williams v. Thompson*, 223 Tenn. 170, 172, 443 S.W.2d 447, 449 (1969).

The facts in *Williams v. Thompson* are very similar to the present case. In *Williams*, the plaintiffs sued the builders of their residence, complaining of defects such as cracks in the walls, window and door frames out of alignment, settling of the foundation, and sinking of the house into the ground. Plaintiffs' complaint alleged the defendants breached an implied duty in the contract to construct the residence in a good and workmanlike manner. In holding the three-year statute rather than the six-year statute applicable, the court stated, "[A]lthough complainants' bill sounds in contract ... the only injury alleged in the bill is physical injury to the residence which allegedly occurred and was known to complainants more than three years prior to commencing the action." *Id.* 443 S.W. at 449.

In the present case, we find the gravamen of plaintiffs' complaint is for injury to real property. Paragraph seven of the second amended complaint declares, "This action is brought to recover damages to that property, sometimes referred to as the 'common areas', which the named individual plaintiffs and other members of the class own as tenants in common." The complaint further alleges plaintiffs have expended large sums of money in attempts to repair the defects and request to be compensated for those expenditures.

In Count I of the Second Amended Complaint, under the heading "Breach of Express Warranty" recovery is sought for structurally and functionally defective building components. In Count III, under the heading "Implied Warranties of Habitability, Quality and Merchantability" recovery is sought, in paragraph 36, "for the repair and maintenance of the property, building and improvements of the development." In Count VII plaintiffs claim that defendants breached their fiduciary duty to the plaintiffs since they had control of the Homeowner's Association until August of 1978. Plaintiffs contend that defendants failed to keep adequate records, failed to disclose defective workmanship, failed to provide a reserve fund, misrepresented the amount of maintenance fees, and did other things to breach their fiduciary duties. We note that no specific damages were sought for any of these enumerated breaches of fiduciary duty separate and apart from a demand for total damages in the amount of $3,000,000 for all of the delineated actions.

■ When the damages for which recovery is sought represent the cost of repair or the replacement cost of property and such accrued damages are the result of negligent acts, the action is for damage to property and covered by T.C.A. § 28–3–105. *Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d 727, 729 (Tenn.App. 1980). Although plaintiffs attempt to distinguish their case on the ground they are not alleging a tort, but suing simply because defendants failed to comply with their contract, which caused the damages complained of, their case cannot be so distinguished. *Williams v. Thompson, supra* 443 S.W.2d at 450 (rejecting this exact argument); *Prescott v. Adams*, 627 S.W.2d 134, 137 (Tenn.App.1981). *Prescott* was an action brought by purchasers against vendors and a real estate agent for (1) fraud in the inducement of a contract, (2) misrepresentation, (3) negligence in the design of an improvement to real property, (4) breach of a fiduciary duty, and (5) breach of the implied warranties of marketability and habitability. The Court said that "since the gravamen of the complaint in this case is for damages to real property, we think all of the theories advanced by the plaintiffs are governed by the three year statute of limitations."

Plaintiffs' reliance on *Simpson v. Sumner County*, 669 S.W.2d 657 (Tenn.App. 1983), is misplaced. In that case, the determinative issue was whether the Governmental Tort Liability Act granted immunity to Sumner County from suit on breach of implied warranty claims arising from construction of a home by a Student Home Building Program. The court held Sumner County was not immune from suit under GTLA because the breach of warranty claim was *ex contractu*. However, the issue of the applicable statute of limitations was never raised nor addressed. Not all contract actions are governed by the six-year statute of limitation. *Pera v. Kroger*, 674 S.W.2d at 719–20. The fact that a plaintiff's procedural remedy may lie in contract does not preclude the statute of limitations for injury or damage to real property from barring his claim. *Id.* (citing *Williams v. Thompson*).

Plaintiffs argue that since T.C.A. § 28–3–105 has the words "Property Tort Actions" in its sub-title a construction by the courts that would allow this statute to bar other than tort actions would run afoul of Article II, § 17 of our Tennessee Constitution. We find no merit to this argument. T.C.A. § 28–3–105 is a part of the official code. Article II, § 17 has to do with Bills when initially enacted by the General Assembly.

For the reasons stated, the trial court's order granting summary judgment for defendants is affirmed. Costs on appeal are taxed to plaintiffs, for which execution may issue if necessary.

TOMLIN, P.J., W.S., and FARMER, J., concur.