JOHN MOLIN and wife, FREDERICKA ) 
LITTLEFAIR-MOLIN, )

)

    Plaintiffs/Appellants,         )           Appeal No.
                                    )           01-A-01-9705-CV-00232
v.                                  )
                                    )           Davidson Circuit
PERRYMAN CONSTRUCTION CO.,          )           No. 95C-3506
                                    )
    Defendant/Appellee.             )

FILED

February 27, 1998

Cecil W. Crowson

Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

MICHAEL A. MEYER
Sidwell & Barrett, P.C.
121 First Avenue South, Suite 200
Franklin, Tennessee  37064
        ATTORNEY FOR PLAINTIFFS/APPELLANTS


LEE ANNE MURRAY
Feeney & Lawrence, PLLC
2040 First American Center
P. O. Box 198685
Nashville, Tennessee 37219-8685
        ATTORNEY FOR DEFENDANT/APPELLEE

REVERSED AND REMANDED

WALTER W. BUSSART, JUDGE

# **O P I N I O N**

The plaintiff/appellant homeowners brought suit against the defendant/appellee construction company alleging breach of contract. The trial court granted the appellee summary judgment finding that the appellants' claim fell outside of the three-year statute of limitations found in section 28-3-105 of the Tennessee code. In addition, the court denied a motion by the appellants to amend the original complaint. The case is here on appeal to determine whether the trial court erred.

## I.
### Procedural and Factual Background

The facts giving rise to this law suit began when John Molin and Fredericka Littlefair-Molin (the "Molins") entered a contract with Perryman Construction Co. ("Perryman") for construction work to be done on the Molins' home. The agreement, which was executed on March 1, 1991, provided that the appellee Perryman would renovate part of the interior of the existing structure as well as build an addition to that structure. The Molins planned to live in the house while the work was being done. However, after a fire damaged their home they moved into a rental home during the construction.

The contract between the Molins and Perryman provided that Appellee "[a]t the time as the entirety of the work . . . has been performed . . . shall file a Notice of Completion." Perryman did file a notice of completion on September 24, 1991 which stated that the work was completed on September 20, 1991. However, Appellants, who claimed to have been unaware of the notice of completion, moved back into their home in October of 1991 after exhausting their rental insurance proceeds. When they moved back home, there was no lock on the front door which was held together by a piece of wood. Appellee's workers continued to work on the house for two or three more months. In her deposition, Ms. Molin stated that the bulk of the work was done by late September or early October of 1991. However, the house did not pass the final codes inspection until June 19, 1992, and a certificate of occupancy was not issued by the city until June 24, 1992.

Ms. Molin also stated in her deposition that, within a year after the completion of the work, the roof began to leak, doors and windows started to buckle, and portions of the wall and floor developed cracks. Though the Molins began to notice some of the defects in late 1991, it was February or March of 1992 when the family first noticed the roof leaking. Each time that Appellants noticed something wrong, they would notify Appellee who would send an employee to make the necessary repairs. However, the repairs were insufficient and the problems continued. In late 1992 or early 1993, Dr. Molin wrote a letter containing a comprehensive list of everything that the Molins thought to be wrong with the house at that time. Appellee responded by informing Appellants that he did not do maintenance work.

On October 19, 1995, Appellants filed a complaint for breach of contract which made the following allegations:

> Under the terms of the contract, [Appellee] was under an obligation to utilize good workmanship at all times during the construction process. This obligation extended to work done on the roof. . . .
> [Appellee] breached its contract with [Appellants] by failing to exercise good workmanship in the construction of [Appellants'] residence. There are a number of leaks in the roof which [Appellee] has failed to correct.

Appellee answered the complaint and alleged the statute of limitations barred the claim. Appellee later amended its answer to include the statute of repose as a defense. On October 7, 1996, Appellee filed a motion for summary judgment in which it argued that both the statute of limitations and the statute of repose barred Appellants' claim. Appellants moved to amend their complaint on November 7, 1996. The amendment which was submitted added allegations against Perryman as follows:

> [Appellant] also failed to exercise good workmanship in the construction of the foundation, floors and walls of [Appellants'] residence. Floor joints have been crushed and twisted. Outside walls are bowing and sagging. All of these failures also constitute a breach of [Appellee's] agreement to exercise good workmanship. . . .
> In the alternative, the defects described in [the above paragraph] are the result of the negligence of [Appellee].

The proposed amended complaint concluded by asserting that the Molins had "been injured as a result of [Appellee's] breach and/or negligence."

The trial court granted Appellee's motion for summary judgment based upon its determination that the three-year statute of limitations set forth in section 28-3-105 of the Tennessee code barred Appellants' claims. In addition, the court overruled Appellants' motion to amend the complaint without giving a reason and merely stating that the motion was not "not well-taken." To reiterate the issues before this court, we must determine whether the trial court erred in dismissing Appellants' original pleadings and whether it erred in not allowing Appellants to amend their complaint.

## II.
## Standard of Review

Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate when two prerequisites are met. First, there must be no genuine issue as to any fact necessary to resolve the substantive claim or defense embodied in the summary judgment motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993), and second, the moving party must be entitled to a judgment as a matter of law. *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527, 530 (Tenn. Ct. App. 1993). In reviewing the record to determine whether the requirements of Rule 56 have been met, this court should view all evidence in the light most favorable to the opponent of the motion, allow all reasonable inferences in favor of that party, and discard any countervailing evidence.

3

*Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995) (citing *Byrd*, 847 S.W.2d at 210-11). Summary judgment should only be granted if the facts and conclusions permit a reasonable person to reach only one decision. *McCall v. Wilder*, 913 S.W.2d 150, 152 (Tenn. 1995). Summary judgment is ordinarily not appropriate in negligence cases. *Roe v. Catholic Diocese of Memphis*, 950 S.W.2d 27, 31 (Tenn. Ct. App. 1996).

### III.
### Appropriate Statute of Limitations

Initially, we must determine which statute of limitations is applicable to this cause of action. As stated, the trial court found that Appellants' claim was barred by section 28-3-105 of the Tennessee code which provides in pertinent part:

> The following actions shall be commenced within three (3) years from the accruing
> of the cause of action:
> (1) Actions for injuries to personal or real property.

Tenn. Code Ann. § 28-3-105 (Supp. 1997). On appeal, Appellants insist that the court erred in applying this section and urge the application of the six-year statute found in section 28-3-109 which provides that "[a]ctions on contracts not otherwise expressly provided for . . . shall be commenced within six (6) years after the cause of action accrued." Tenn. Code Ann. § 28-3-109 (1980).

"It is well settled in this state that the gravamen of an action, rather than its designation as an action for tort or contract, determines the applicable statute of limitations." *Pera v. Kroger Co.*, 674 S.W.2d 715, 719 (Tenn. 1984); *Keller v. Colgems-EMI Music, Inc.*, 924 S.W.2d 357, 359 (Tenn. Ct. App. 1996). In other words, the "statute of limitations is determined by the subject matter of the controversy rather than the remedial procedure employed." *Taylor v. Trans Aero Corp.*, 924 S.W.2d 109, 113 (Tenn. Ct. App. 1995) (while plaintiff's claim for recovery of property damage to an airplane was barred under section 28-3-105 because the gravamen of this claim was property damage, the same plaintiff was allowed a trial on its claim for damages based on the defendants' breach of the contractual promise to insure the aircraft because the gravamen of that claim is breach of contract which has a longer statutory period under section 28-3-109). As even Appellants concede, the pertinent case law supports a conclusion that the gravamen of the complaint in this case is for injury to real property. *See Williams v. Thompson*, 443 S.W.2d 447 (Tenn. 1969); *Kirby Farms Homeowners Ass'n v. Citicorp, Citibank, N.A.*, 773 S.W.2d 249 (Tenn. Ct. App. 1989).

Under similar facts, the court in *Kirby Farms* held that "[w]hen the damages for which recovery is sought represent the cost of repair or the replacement cost of property and such accrued damages are the result of negligent acts, the action is for damage to property and covered by T.C.A. § 28-3-105." *Kirby Farms*, 773 S.W.2d at 251. There, the plaintiff homeowners association was made up of individual homeowners who purchased condominiums and subsequently "notice[d] various defects in the project; including but not limited to the foundations, roofs, drainage systems,

4

sanitary sewers, asphalt, stone work, brick work, sliding glass doors, carports, storage buildings, plumbing, wiring, heating and air conditioning, and recreational facilities." *Id.* at 250. Five years subsequent to the homeowners' demand for correction of the defects, they filed a complaint "alleg[ing] defendants were guilty of breach of express warranties, breach of implied warranties of workmanship and habitability, breach of oral warranties, breach of fiduciary duty, negligence, negligent misrepresentation, strict liability and fraudulent concealment." *Id.*

The *Kirby Farms* court found that "the determinative issue before [them] is whether the three-year statute of limitations for injury to real property . . . or the six-year statute of limitations for contracts not otherwise covered . . . applies to the facts of this case." *Id.* While the plaintiffs conceded that the three-year statute barred the claims for negligence, negligent misrepresentation, strict liability and fraudulent concealment, they contended that the longer period applied to the claims of breach of express warranty, breach of implied warranty and breach of fiduciary duty. *Id.* The court disagreed stating that "[t]he word 'actions' in T.C.A. § 28-3-105 refers to the subject matter of the controversy and not to the remedial procedure." The court then found that the gravamen of the complaint was for injury to real property refusing to distinguish the case on the ground that the plaintiffs were alleging breach of contract and not tort. *Id.* at 251.

In reaching its conclusion, the *Kirby Farms* court cited the earlier supreme court case of *Williams v. Thompson*, 443 S.W.2d 447 (Tenn. 1969). *Williams* was a factually similar case which involved a suit against a construction company over a home it built, specifically over defects in this home such as cracks in the walls, alignment problems with window and door frames, and general foundation problems. *Id.* at 448. Alleging breach of an implied warranty in the sales contract, the plaintiffs sought to recover damages for injury to their property arising out of the contractual relationship with the defendants. However, as in *Kirby Farms*, the court found that it was not the six-year statute of limitations for contracts, but rather the three-year statute that applied to this action. The court noted that "[w]hether an action for the recovery of damages for injury to personal or real property results from a breach of contract or from a tort, independent of contract, is immaterial." *Id.* at 449. The court concluded that "although complainants' bill sounds in contract, . . . the only injury alleged in the bill is physical injury to the residence which allegedly occurred and was known to complainants more than three years prior to commencing the action." *Id.* at 449.

Both *Kirby Farms* and *Williams* support our conclusion that section 28-3-105 contains the appropriate statute of limitations for the action in this case. In the instant case, the gravamen of the Molins' complaint is for injury to real property. As in *Williams*, the complaint in this case sounds in contract denoting as the "cause of action" a "breach of contract." However, the injury alleged is the damage to the Molins' home. The complaint alleges that "[t]here are a number of leaks in the roof which [Perryman] has failed to correct. . . . [The Molins] have been injured as a result of [Perryman's] breach of contract. [They] have or will incur substantial expenses to repair the leaks

5

and other damages caused by the water." In the proposed amendment, Appellants alleged that "[t]he floors are buckling, sagging and cracking. Floor joints have been crushed and twisted. Outside walls are bowing and sagging. . . . [The Molins] will have to incur substantial expense to correct these problems." Thus, even a consideration of the allegations in the proposed amendment reveals that there are no damages other than this injury to the real property which have been claimed by Appellants. *See Prescott v. Adams*, 627 S.W.2d 134, 137 (Tenn. Ct. App. 1981) ("The major criterion in ascertaining the gravamen of an action is the kind of damage alleged."). Accordingly, we are of the opinion that section 28-3-105 applies to the facts in this case.

Appellants attempt to distinguish *Williams* on the grounds that it involved a breach of implied warranty. Where a plaintiff is suing to enforce an express provision of the contract, Appellants argue that the six year contact statute of limitations should apply. Appellants' argument is untenable. The cases are clear that an inquiry as to which statute is applicable focusses on the subject matter of the controversy and not the remedial means employed.[1] Hence, whether or not Appellants have sued under a theory of implied contract or one of express contract is immaterial to our determination of which statute applies. Indeed, the decision in *Kirby* supports this conclusion. The plaintiff in *Kirby* sued for breach of express warranty as well as breach of implied warranty, and the court made no distinction in holding that the gravamen of the complaint was for injury to real property and hence, the three year statute barred all claims. *Kirby Farms*, 773 S.W.2d at 250.

## IV.
## Application of Section 28-3-105

Section 28-3-105 gives a plaintiff three years from the accrual of his action to bring his complaint for injuries to real property. The words "from the accruing of the cause of action" found in section 28-3-105 have been defined to mean "from the time when the plaintiff knew or reasonably should have known that a cause of action existed." *Prescott v. Adams*, 627 S.W.2d 134, 138 (Tenn. Ct. App. 1981) (citing *Stone v. Hinds*, 541 S.W.2d 598, 599 (Tenn. Ct. App. 1976)). In addition, this court has held that "[a] cause of action for breach of contract arises when the acts of one of the contracting parties demonstrate a clear, total repudiation of the contract. . . . Thus, the statute of limitations begins to run when a contracting party first knows or should know that the contract will not be performed." *Wilkins v. Third Nat'l Bank*, 884 S.W.2d 758, 761-62 (Tenn. Ct. App. 1994). Thus, the question in this case is when should Appellants have reasonably known that the contract was not going to be performed such that a cause of action arose.

---

[1] We similarly reject Appellants' argument that the decision in *Williams*, which rested on the premise that the doctrine of caveat emptor governed the transaction, was substantially undermined when the supreme court moved away from that doctrine in *Dixon v. Mountain City Constr. Co.*, 632 S.W.2d 538 (Tenn. 1982). *Dixon's* holding that initial purchasers of newly constructed homes should receive certain implied warranties has no effect on the statue of limitations determination which focusses on "the subject matter of the controversy and not . . . the remedial procedure." *Williams*, 443 S.W.2d at 449.

The complaint in this case was filed on October 19, 1995. The deposition testimony of Ms. Molin was that Appellants began to notice defects late in the year of 1991. However, employees from Appellee's business were sent as needed to remedy the defects until late in 1992 or early in 1993 when Appellee refused to fix the defects any longer. Were we to find that the action accrued at Appellants' initial discovery of the defects, the October 19, 1995 complaint would be barred by the three-year statute of limitations as this initial discovery occurred more than three years before the complaint was filed. However, if we find that the action did not accrue until that time when Appellee first refused to fix the defects in late 1992 or early 1993, Appellants would still have their cause of action so long as this refusal took place subsequent to October 19, 1992. We interpret "accrual," in this case, to mean that time when Appellants learned Appellee would no longer repair the defects. Otherwise, Appellants would be penalized for attempting to obtain compliance with the contract without litigation.

In light of our holding regarding accrual, we find that the allegations of the various complaints and the deposition of Ms. Molin do not offer sufficient dates from which this court can determine that no genuine issue exists as to the accrual of the cause of action. This court has stated that "[t]he time of the accrual of the cause of action, as affecting limitations, is frequently a question of fact to be determined by the jury or trier of fact, as where the evidence is conflicting or subject to different inferences." *Prescott v. Adams*, 627 S.W.2d 134, 139 (Tenn. Ct. App. 1981) (quoting 54 C.J.S. *Limitations of Actions* § 399(b) (1948)). Finding this to be true in the case at bar, we remand this case to the jury for a determination of the time that Appellants reasonably knew the contract would not performed and thus had a cause of action.

## V.
## Statute of Repose

If the statute of limitations does not bar Appellants' action, the action must be considered under the statute of repose found in Tennessee Code Annotated section 28-3-202.[2] That section provides as follows:

> All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial

---

[2]While the court has referred to section 28-3-202 as a "statute of limitations" on numerous occasions, *see e.g., Briggs v. Riversound Ltd. Partnership,* 942 S.W.2d 529, 532 (Tenn. Ct. App. 1996); *Brookridge Apartments, Ltd. v. Universal Constructors, Inc.*, 844 S.W.2d 637, 638 (Tenn. Ct. App. 1992), recent cases have termed this section a "statute of repose." *See Bowers v. Hammond*, 954 S.W.2d 752, 758 (Tenn. Ct. App. 1997); *Chrisman v. Hill Home Dev., Inc.*, No. 03A01-9607-CV-00218, 1997 WL 36833, at *3 (Tenn. Ct. App. 1997). Despite this ambivalence, the supreme court left no doubt that the limitations articulated in this section was to function as a statute of repose. *Watts v. Putnam County*, 525 S.W.2d 488, 491 (Tenn. 1975).

completion of such an improvement.[3]

Courts in Tennessee have stated that statutes of limitations affect only a party's remedy for a cause of action, while the running of a statute of repose abolishes both the remedy and the right. *Wyatt v. A-Best Prods. Co.*, 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995) (citing *Bruce v. Hamilton,* 894 S.W.2d 274, 276 (Tenn. Ct. App.1993)). Our supreme court has held that section 28-3-202 was enacted "to provide outer limits of liability." *Watts v. Putnam County*, 525 S.W.2d 488, 491 (Tenn. 1975). It is "entirely unrelated to the accrual of any cause of action, since [it] begin[s] to run on the date of substantial completion as opposed to the date of injury or damage." *Id.*

Tennessee Code Annotated section 28-3-201 defines substantial completion as: "that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change order agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended." The statute further provides that "the date of substantial completion may be established by written agreement between the contractor and the owner." Tenn. Code Ann. § 28-3-201(1980). Pursuant to this latter portion of the statute, the parties' inclusion of a "date of substantial completion" in the record would have rendered unnecessary a factual determination of when the Molins' house was substantially completed. With regard to completion, the contract only includes the following language under the heading "notice of completion": "At such time as the entirety of the work hereinabove described has been performed, CONTRACTOR shall file a Notice of Completion." We do not find that this contract language represents the parties' agreement on a date of substantial completion. *See Brookridge Apartments, Ltd. v. Universal Constructors, Inc.*, 844 S.W.2d 637, 638 (Tenn. Ct. App. 1992) (finding that the parties had established a date of substantial completion where the contract's language mirrored that of section 28-3-201 "provid[ing] that the 'date of substantial completion shall be the date'" that a certain report was signed by one person and endorsed by another).

As stated, the complaint in this case was filed on October 19, 1995. Thus, in order to avoid the statutory bar, the Molins' home can not have been substantially complete before October 19, 1991. From the record before us, we do know that a notice of completion was filed during the month of September preceding October of 1991 but that a certificate of occupancy was not issued until June 24, 1992. This court stated that "it is probably an erroneous conclusion that issuance of a certificate of occupancy by a governmental agency establishes substantial completion of a construction project as a matter of law." *Meyer v. Bryson*, 891 S.W.2d 223, 225 (Tenn. Ct. App. 1994). Rather, "[s]ubstantial completion occurs when the owner can use the building for its intended use. If the owner can use the building for its intended use, then any defects in the construction are usually held

---

[3]The statute does extend the four year period when an injury occurs during the fourth year after such substantial completion by giving plaintiffs another year from the date of injury. Tenn. Code Ann. § 28-3-203 (a) (1991). The court has summarized this statute's effect: "if the injury occurred or was discovered on the last day of the four year period, the plaintiffs would receive an additional year to bring suit." *Prescott v. Adams*, 627 S.W.2d 134, 138 (Tenn. Ct. App. 1981).

not to be material." *Id.* (quoting *Howard G. Lewis Constr. Co. v. Lee*, 830 S.W.2d 60 (Tenn. Ct. App. 1991) (quoting *Construction and Design Law* (1991))). From Ms. Molin's testimony, we know that the Molins moved back into the house in October of 1991 but it does not follow that they were immediately using the portions of the home which were affected by the construction contract between the parties. Indeed, the record is silent as to Appellants' use of the specific areas of the home. Because a determination of when an improvement is substantially complete is a fact-intensive one and because the record below is factually sparse, we remand this issue to the lower court to resolve the issue through evidence.

## VI.
## Amendment of Complaint

As stated above, Appellants moved to amend their complaint on November 7, 1996. Whereas, the allegations in the original complaint, filed October 19,1995, related only to the roof, the amendment added charges against Appellee involving the foundation, floors and walls of Appellants' residence. While the trial court gave no reason for its refusal to allow amendment, it did state that "[a]fter considering the written memoranda submitted by counsel for the parties, the oral argument presented by counsel for the parties, and pleadings filed in this lawsuit," it concluded that the motion was not "not well-taken." The only written memoranda in the record regarding the motion to amend was Appellee's "Response to Plaintiff's Motion to Amend." The gist of Appellee's argument was that the amendment was futile in light of the fact that it was barred by the statute of repose.

Once a responsive pleading has been filed, Rule 15 of the Rules of Civil Procedure gives the court leave to freely permit amendments to complaints "when justice so requires." This court has held that "where a motion to amend pleadings is submitted after responsive pleadings have been filed in a case, the grant or denial of the motion is within the sound discretion of the trial judge. Once decided, such matters are seldom adversely reviewed on appeal unless abuse of discretion has been shown." *Wilson v. Ricciardi*, 778 S.W.2d 450, 453 (Tenn. Ct. App. 1989). While the court's discretion can encompass many factors, *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979), the court can not base a decision to deny a motion to amend pleadings on an erroneous interpretation of the law. Since it is possible that the court's denial rested on an assumption that the relation back provisions of Rule 15.03 do not apply after the statute of repose has run, we must determine this legal issue to know if the court abused its discretion.

Thus, the question for this court, which is one of first impression, is whether pleadings initially filed within the statute of repose can be amended after the statute of repose has run. Initially, we note that the court has addressed the related issue regarding amendment of pleadings subsequent to the running of the statute of limitations. In *Floyd v. Rentrop*, 675 S.W.2d 165, 168 (Tenn. 1984), the supreme court made clear that "[n]otice is the critical element involved in determining whether amendments to pleadings relate back." When the conditions of Rule 15.03 are met, such that the

9

opposing party has notice of the claim against him within the original statutory period, "the effect of the Rule [is] to avoid the impact of the statute of limitations by letting the amendment relate back to the original filing." *Id.* at 168.

Appellee attempts to distinguish *Floyd* by arguing that since the running of the statute of repose nullifies a plaintiff's right and remedy, the court does not possess subject matter jurisdiction over claims raised outside of the statute of repose. However, in the recent cases of *Sharp v. Richardson*, 937 S.W.2d 846 (Tenn. 1996), and *Cronin v. Howe*, 906 S.W.2d 910 (Tenn. 1995), our supreme court did not permit the substantive nature of the statute of repose to prohibit actions from being brought beyond the statute's running. Both *Sharp* and *Cronin* involved the application of the savings statute to save actions initially filed in a timely fashion but refiled beyond the statutes of repose, and in both cases, the court found that the actions could be refiled outside of the statute. *See* Tenn. Code Ann. § 28-1-105(a) (1980 & Supp.1995) (savings statute).

In *Cronin*, the specific issue was the construction of the medical malpractice statute of repose as it interacted with the savings statute. With the goal to give effect to the legislative intent and to provide harmonious operation of the two laws, the court emphasized the spirit of the savings statute which "is remedial and should be liberally construed in furtherance of its purpose and in order to bring cases within its spirit and fair intention." *Cronin*, 906 S.W.2d at 913 (citing *Kee v. Shelter Ins.*, 852 S.W.2d 226, 228 (Tenn.1993)). After acknowledging the substantive nature of the statute of repose, the court found that "[b]ecause the plaintiff initially brought her medical malpractice action within the one-year statute of limitations, and within the three-year statute of repose, she complied with the letter of the statute of repose, avoided the substantive bar of the statute, and fulfilled its legislative purpose--to limit the time period during which a physician is subject to a claim of potential liability." *Cronin*, 906 S.W.2d at 914. Furthermore, the original action's "conclusion on a ground other than the merits brought its refiling within the long-standing purpose, spirit, and express terms of the savings statute–to provide a diligent plaintiff with an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the right of action." *Id*.

The issue in *Sharp* was "whether the savings statute applies to save an action that is timely filed within both the products liability statute of limitations and statute of repose, but refiled beyond the six-year statute of repose." *Sharp*, 937 S.W.2d at 848. As in *Cronin*, the court focussed on the long history and remedial spirit of the savings statute. It concluded that the plaintiffs had, by filing their action within the statute of repose, "complied with the letter of the products liability statute of repose and fulfilled its legislative purpose--to limit the time period during which a manufacturer is subject to a claim of potential liability." *Id.* at 850. Moreover, "[s]ince the plaintiff's suit was 'commenced within the time limited by a rule or statute of limitation,' and was concluded by an order of voluntarily dismissal without prejudice, its refiling was within the express terms and longstanding

10

purpose and spirit of the savings statute--to provide a diligent plaintiff with an opportunity to renew a suit that is dismissed by any judgment or decree that does not conclude the right of action." ***Id.*** The court concluded that "application of the savings statute in this case does not conflict nor frustrate either the letter or purpose of the products liability statute of repose." ***Id.***

As in ***Sharp*** and ***Cronin***, in the case at bar we must determine the legislative intent for which we look first to "the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." ***Cronin***, 906 S.W.2d at 912 (citing ***Carson Creek Vacation Resorts, Inc. v. State, Dept. of Revenue***, 865 S.W.2d 1, 2 (Tenn.1993)). Where, as here, amending the complaint does not change the party or naming of that party, the following portion of Rule 15.03 governs the timeliness of the amendment:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Tenn. R. Civ. P. 15.03. From the language of Rule 15.03, relation back is qualified only upon the amendment having arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Significantly, our courts have long stressed the importance of a liberal interpretation of Rule 15. ***Floyd v. Rentrop***, 675 S.W.2d 165, 168 (Tenn. 1984); ***Huntington Nat. Bank v. Hooker***, 840 S.W.2d 916, 923 (Tenn. Ct. App. 1991). The supreme court has stated that Rule 15 was intended "to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." ***Karash v. Pigott***, 530 S.W.2d 775, 777 (Tenn.1975).

If a plaintiff initially brings his suit within the statute of repose, he has complied with the letter of that statute by fulfilling the statute's purpose which is to "provide outer limits of liability." ***Watts v. Putnam County***, 525 S.W.2d 488, 491 (Tenn. 1975). Furthermore, the purpose and spirit of Rule 15 is furthered by permitting an amendment which meets the Rule's criteria. Under these circumstances, a diligent plaintiff is given the opportunity to amend his complaint such that the controversy may be fully determined on it merits. However, compliance with Rule 15 ensures that the non-amending party will not be surprised by the amended pleading which must "[arise] out of the conduct, transaction, or occurrence" of the original pleading. We therefore hold that Rule 15.03 permits amendment of pleadings beyond the statute of repose. Our holding today is a logical extension of the decision in ***Floyd v. Rentrop***. We order that the court below reconsider Appellants' motion to amend after it makes its conclusions regarding the timeliness of Appellants' original complaint, in light of this holding.

11

## VII.
## Conclusion

In conclusion, we hold that since the gravamen of the Molins' complaint is injury to real property, section 28-3-105 contains the applicable statute of limitations. However, because there is a genuine issue as to when the action accrued, we remand the case to the trial court on the issue of accrual. In addition, we remand on the issue of whether the Molins' home was substantially complete prior to October 19, 1991 such the their action is barred by the statute of repose. Finally, we hold that under Rule 15.03 of the Tennessee Rules of Civil Procedure, pleadings may be amended after the statute of repose has run. If the trial court determines that Appellants' October 19, 1995 complaint was filed within the statute of limitations as well as within the statute of repose, it must reconsider Appellants' motion to amend in light of our holding with regard to Rule 15.03. The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion. The cost of appeal shall be taxed to Appellee.

_____
WALTER W. BUSSART, JUDGE

CONCUR:


_____
HENRY F. TODD, P.J.


_____
BEN H. CANTRELL, J.