IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 18, 2022 Session

## STJ, L.P. v. WANDA KAYE DUKE FRENSLEY ET AL.

Appeal from the Chancery Court for Davidson County
No. 16-0076-I      Patricia Head Moskal, Chancellor

———————————————

### No. M2021-00920-COA-R3-CV

———————————————

This case involves a decedent's alleged wrongful transfer of real property, without fair consideration, out of a limited partnership in which he had served as general partner. Presently at issue is the trial court's dismissal of claims brought against the personal representative of the decedent's estate and the decedent's wife. Although the partnership appeals the decision of the trial court and challenges, among other things, the trial court's determination that a claim involving breach of fiduciary duty by the decedent is time-barred, we affirm the trial court's judgment for the reasons stated herein.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

David S. Zinn, Brentwood, Tennessee, Johnny C. Garrett, IV, and R. Colten Jones, Hendersonville, Tennessee, and Mandy Strickland Floyd,[1] Nashville, Tennessee, for the appellant, STJ, L.P.

Andra J. Hedrick,[2] Matthew B. Haskell, and Hilary C. Dennen, Nashville, Tennessee, for the appellee, John D. Lentz, the personal representative for the Estate of Robert O. Frensley.

---

[1] Although Attorney Mandy Strickland Floyd signed the principal and reply briefs that were submitted on behalf of STJ, L.P., an order permitting her withdrawal as counsel of record was entered by this Court on August 11, 2022, prior to oral argument.

[2] Attorney Andra Hedrick signed the brief submitted on behalf of the personal representative in May 2022. Subsequently, on September 7, 2022, she signed a "Motion to Designate New Lead Counsel" on behalf of her client, noting that she had taken judicial office for the Seventh Circuit Court of Davidson County on September 1, 2022, and requested that Attorney Hilary Dennen be designated as lead counsel. Consistent with this request, we observe that Attorney Dennen has since been designated as lead counsel.

Ralph Z. Levy, Jr., Nashville, Tennessee, for the appellee, Wanda Kaye Duke Frensley.

## OPINION

## BACKGROUND AND PROCEDURAL HISTORY[3]

Appellant STJ, L.P. ("STJ") is a Tennessee limited partnership. At the time of STJ's formation, its general partner was Robert Frensley. Three irrevocable trusts, which had been established for Mr. Frensley's daughters (Sharon, Tracey, and Jennifer), composed the majority of the initial limited partnership interests. Another fifteen percent interest in the limited partnership was owned by Mr. Frensley.[4] At some point in time, Mr. Frensley substituted the 1991 Frensley Living Trust for his fifteen percent limited partnership interest. By its terms, the 1991 Frensley Living Trust was to pay its net income to Mr. Frensley, and then, upon his death, to his wife, Wanda ("Ms. Frensley"). Based on filings in the record, it is acknowledged that Ms. Frensley is the stepmother to Mr. Frensley's daughters.

Pertinent to the issues in this appeal, Mr. Frensley conveyed certain real estate in Palm Beach Gardens, Florida ("the Florida Property") to STJ by quitclaim deed in 1990. Over a decade later, on October 21, 2002, Mr. Frensley purported to convey the Florida Property by quitclaim deed from STJ to himself and Ms. Frensley, with the deed reciting consideration of one dollar. At the time, Mr. Frensley was STJ's sole general partner. The quitclaim deed for the 2002 transfer was later recorded by Ms. Frensley on March 11, 2011, and on February 12, 2015, Mr. Frensley died.

Following Mr. Frensley's death, several issues arose and led to litigation in the Davidson County Chancery Court. The initial complaint, which was filed by Mr. Frensley's daughter Tracey on January 25, 2016, sought, among other things, a determination of the ownership of certain partnership interests in STJ. Following the resolution of that matter, as well as other concerns,[5] the trial court entered an agreed order in July 2020 to generally address the remainder of the litigation, which only involved the subject of the Florida Property. Of note, the July 2020 agreed order realigned the parties

---

[3] As the claims at issue in this appeal were resolved at the motion to dismiss stage, our presentation of the background facts pertaining to the parties' issues is derived from the operative complaint. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) ("In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.").

[4] We further note that, according to the operative pleading, "Mr. Frensley owned a 1% interest in the limited partnership as its general partner."

[5] Among other holdings, it was determined that Mr. Frensley's daughter Sharon was now the successor general partner of STJ; moreover, inasmuch as the irrevocable trusts established for Mr. Frensley's daughters each terminated when the beneficiary daughter reached age forty-five or at Mr. Frensley's death, it was determined that each daughter owned the corresponding limited partnership interest in her own name.

and permitted STJ to file an "amended and restated Complaint" with respect to its claims concerning the Florida Property.

On August 14, 2020, STJ filed its "Amended and Restated Complaint," and later, on October 26, 2020, it filed the operative "Second Amended and Restated Complaint" at issue herein.[6]  In its complaint, STJ named two individuals as Defendants.  In addition to suing Ms. Frensley, STJ sued John D. Lentz as the personal representative of Mr. Frensley's estate.

In relevant part, the complaint alleged that Mr. Frensley's action to convey the Florida Property from STJ to himself and Ms. Frensley was "deceptive," unauthorized and without the consent of the limited partners, and was without fair consideration.  The complaint further submitted that, "[s]ince the death of Mr. Frensley on February 12, 2015, [Ms. Frensley] appears as if she is the sole owner of record of the Florida Property in violation of the rights of STJ."  According to STJ, none of the partners in STJ (other than Mr. Frensley) had knowledge of the conveyance of the Florida Property until the October 2002 quitclaim deed was recorded in March 2011.  Count 1 of STJ's complaint, labeled "Breach of Contract," asserted that Mr. Frensley's purported conveyance of the Florida Property without fair consideration breached the terms of the governing partnership agreement, which called for STJ's general partner to act as a fiduciary regarding partnership assets.  Count 2 of the complaint, labeled "Unjust Enrichment and Quantum Meruit," alleged that Ms. Frensley "has been and will be unjustly enriched by her continued ownership and possession of the Florida Property."  In connection with this count, STJ further stated that it had no contractual relationship with Ms. Frensley and contended that "she should have understood STJ expected to be compensated for its asset, the Florida Property; and that it would be unjust under the circumstances for defendant Frensley to continue to own and/or possess the Florida Property without paying a fair amount for it."  Count 3 of the complaint, labeled "Breach of Contract Under Tenn. Code Ann. § 61-2-405, 406 & 605" averred that the conveyance of the Florida Property was void *ab initio* because it was "without the knowledge or consent of any of the other limited partners, [was] without adequate consideration, [was] in violation of [Mr. Frensley's] fiduciary obligations[,] and [was] in violation of T.C.A. §§ 61-2-405, 406, and 605."

The Defendants subsequently filed separate motions to dismiss, with each Defendant setting forth various arguments in support of dismissal.  For her part, Ms. Frensley argued, among other things, that "no wrongdoing" had been asserted against her by STJ and that, as it concerned the unjust enrichment claim, the claim failed because "STJ has . . . failed to demonstrate that [it] has already exhausted all remedies against [Mr. Frensley] with whom [it] enjoyed privity of contract."  For his part, the personal

---

[6] In December 2020, an "Agreement Allowing Amendment to Second Amended and Restated Complaint" was filed with respect to a single paragraph of pleading, adding five sentences as additional averments.

representative set forth several arguments, including that the allegations for breach of fiduciary duty were barred by the statute of limitations.

Following a hearing on the motions, on July 13, 2021, the trial court entered an order dismissing all of STJ's claims in the case. Regarding the claims against the personal representative of Mr. Frensley's estate, the trial court held that the gravamen of the claims sounded in tort and that the claims were barred by the three-year limitations period in Tennessee Code Annotated section 28-3-105.[7] For purposes of its ruling, despite initially finding that "STJ's breach of duty claims against the Estate accrued on the date of the alleged breach on October 21, 2002, the date Mr. Frensley conveyed the Florida Property," the court ultimately accepted a later date as operative for purposes of its analysis, concluding that it "presumes as true STJ's factual allegation that it did not actually know that Mr. Frensley had conveyed the Florida Property . . . until [Ms. Frensley] recorded the deed on March 11, 2011." With respect to the asserted unjust enrichment claim, the trial court held that "STJ has failed to allege sufficient facts as to the required element of exhaustion of all remedies against the party in privity with STJ to support a claim of unjust enrichment and quantum meruit." This appeal followed.

## STANDARD OF REVIEW

In outlining the well-settled law governing dismissals at the motion to dismiss stage, the Tennessee Supreme Court has previously stated as follows:

> Under Tenn. R. Civ. P. 12.02(6), the purpose of a motion to dismiss is to determine whether the pleadings state a claim upon which relief can be granted. *Trau–Med of Am., Inc. v. Allstate Ins.*, 71 S.W.3d 691, 696 (Tenn. 2002). "Our motion-to-dismiss jurisprudence reflects the principle that this stage of the proceedings is particularly ill-suited for an evaluation of the likelihood of success on the merits or of the weight of the facts pleaded, or as a docket-clearing mechanism." *Webb v. Nashville Area Habitat for Humanity*, 346 S.W.3d 422, 437 (Tenn. 2011). In reviewing these motions, we are required to construe the complaint liberally, presume that all factual allegations are true and give the plaintiff the benefit of all reasonable inferences. *Id.* Only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief should a trial court grant a motion to dismiss. *Webb*, 346 S.W.3d at 426. The lower courts' legal conclusions are reviewed *de novo* without any presumption of correctness. *Id.*

---

[7] Regarding the specific allegation that Mr. Frensley violated Tennessee Code Annotated section 61-2-605 through an "attempted distribution to himself," the trial court concluded that the allegations in the complaint were "conclusory and insufficient to state a claim for relief." STJ does not appear to assert any challenge to this holding on appeal, and we therefore do not review the matter.

*Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013).

## DISCUSSION

STJ challenges the trial court's dismissal of its lawsuit and requests that this Court reverse the trial court's disposition and remand the matter for a determination on the merits. For their part, the Defendants defend the trial court's bases for dismissal, while also offering alternative arguments in support of affirmance. We begin our review by focusing on the trial court's dismissal of STJ's unjust enrichment claim.

*Unjust Enrichment Claim*

For a plaintiff to recover under an unjust enrichment claim, the plaintiff must establish that a benefit was conferred upon the defendant by the plaintiff, that there was appreciation by the defendant of such benefit, that there was acceptance of such benefit under such circumstances that it would be inequitable for the defendant to retain the benefit without the payment of the value, and that the plaintiff has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). Concerning this last requirement, however, "a plaintiff is not required to exhaust all remedies against the party with whom the plaintiff is in privity if the pursuit of the remedies would be futile." *Id.* at 526. In the present case, STJ argues it was not required to exhaust its remedies against Mr. Frensley's estate.

STJ's unjust enrichment claim was based on the allegations that Ms. Frensley received the Florida Property, that she appreciated this benefit, and that "it would be unjust under the circumstances for defendant Frensley to continue to own and/or possess the Florida Property without paying a fair amount for it." Despite this charge, nowhere did STJ allege that it had exhausted all remedies against its former general partner, Mr. Frensley, the party with whom it was in privity, or that pursuit of remedies against him would be futile. In fact, as the trial court explained in its order of dismissal, the operative pleading undermined the very premise that pursuing relief against Mr. Frensley's estate would be futile. As the court noted: "STJ asserts claims against the Estate in the same pleading in which it asserts claims against [Ms. Frensley], and requests money damages against 'the defendants,' seeming to acknowledge that efforts to exhaust remedies against the Estate are not futile." Inasmuch as STJ's complaint did not allege exhaustion of remedies or allege that pursuing remedies against Mr. Frensley's estate would be futile,[8]

---

[8] Although not formally a part of its pleading, STJ did offer one argument in the trial court relative to the supposed inapplicability of a duty to exhaust remedies against Mr. Frensley's estate: purported insolvency of the estate. Putting aside the fact that STJ's efforts to proceed against Mr. Frensley's estate were inconsistent with a claim of futility, the argument actually made regarding futility was a deficiently qualified and tempered one. Of note, STJ argued in the trial court that it "may be" or "could be" futile to

we discern no error in the trial court's dismissal of the unjust enrichment claim.[9] *See Kalos, LLC v. Twin Springs at White House, LLC*, No. 21-5352, 2022 WL 59617, at *2 (6th Cir. Jan. 6, 2022) (noting that the plaintiff "does not allege exhaustion" and that "the complaint fails to plead a claim for unjust enrichment because it does not allege the requisite elements"); *Bristol Pres., LLC v. IGC-Bristol, LLC*, No. 2:16-CV-360-TAV-MCLC, 2017 WL 2773663, at *5 (E.D. Tenn. June 26, 2017) ("[C]onsidering that [parties with whom the plaintiff is in privity of contract] are also defendants in this case, it appears that plaintiff does not believe that a pursuit of remedies against these entities would be futile.").

### STJ's "Contract" Claim

We next turn our attention to the trial court's conclusion that STJ's "Breach of Contract" claim[10] actually sounds in tort and is governed by the three-year limitations period for property torts in Tennessee Code Annotated section 28-3-105. In support of its position that the trial court's decision on this issue should be reversed, STJ simply argues for the applicability of the six-year limitations period in Tennessee Code Annotated section 28-3-109(a)(3), which governs "[a]ctions on contracts not otherwise expressly provided for." Tenn. Code Ann. § 28-3-109(a)(3). For the reasons stated herein, we agree with the trial court that the three-year limitations period governs the claim at issue.

---

proceed against the estate and that the estate "likely" does not have sufficient income and assets to pay fair value for the Florida Property.

[9] Based on our disposition, we need not broach Ms. Frensley's alternative arguments that the unjust enrichment claim against her is barred by the statute of limitations and gross laches. Although STJ raises an issue that seeks to have the trial court address the propriety of awarding certain relief connected to Ms. Frensley's alleged unjust enrichment, we agree with Ms. Frensley that the court's dismissal of the unjust enrichment claim eliminates the need to resolve such a question pertaining to available remedies. Indeed, the trial court pretermitted inquiry into the question of whether it had jurisdiction to impose certain remedies, and we find no error in its decision to do so in light of its ruling that a sufficient claim for relief had not been stated.

[10] As is evident in the procedural background section of this Opinion, STJ pleaded two claims nominally labeled in part as "Breach of Contract." The second of these was specifically labeled "Breach of Contract Under Tenn. Code Ann. § 61-2-405, 406 & 605," which directly pursued alleged violations of statutory obligations and duties of general partners. Although there is a statement in STJ's principal brief that this Court should reverse the dismissal of its "claims against the Estate," it appears that STJ is actually only clearly arguing about the dismissal of its first claim concerning Mr. Frensley, simply labeled "Breach of Contract." This impression is fostered by the fact that (a) STJ's argument heading on this issue references its "Claim for Breach of Contract," (b) the accompanying argument focuses on alleged breaches of the "Partnership Agreement," which is ostensibly the subject of the "Breach of Contract" count, and (c) STJ's reply brief focuses on its "Claim I" and regards the alternative claim based on breach of statutory duties as "not relevant to the determination of the legal basis of the claim at issue." Even assuming STJ is also challenging the dismissal of the "alternative" claim pursuing violations of statutory fiduciary obligations, which was postured as a "Breach of Contract Under [Statutes]," the essence of our reasoning herein as to the first nominal "Breach of Contract" count should indicate why the alternative "contract" claim also sounds in tort, as the alternative count clearly acknowledged that there is law governing general partners' responsibilities with respect to the conduct at issue, law that is imposed on these circumstances by dint of the relationship of the parties and Mr. Frensley's former status as general partner.

The Tennessee Supreme Court has explained that courts must ascertain the gravamen of the claim at issue when choosing the applicable statute of limitations. *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 149 (Tenn. 2015). The gravamen "does not involve the 'designation' or 'form' of the action," *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 457 (Tenn. 2012) (quoting *Pera v. Kroger Co.*, 674 S.W.2d 715, 719 (Tenn. 1984); *Callaway v. McMillian*, 58 Tenn. 557, 559 (1872)), and courts must consider both the legal basis of the claim and the type of injuries for which damages are sought. *Benz-Elliott*, 456 S.W.3d at 151.

*Vance v. Schulder*, 547 S.W.2d 927 (Tenn. 1977), involved an earlier application of this two-step decisional process prominently outlined in *Benz-Elliott*. As the *Benz-Elliott* court relayed:

> In *Vance*, a minority shareholder sued the directors and majority shareholders of a company, alleging that they had intentionally deceived him about the price of the purchase offer for the company and had thereby induced him to sell his stock for half of what he should have received. In determining which of the five possible statutes of limitation applied, the Court first held that the plaintiff's claim was grounded in the tort of deceit. The Court next determined that the loss in stock value the plaintiff sustained "from the alleged tort of fraud and deceit is included within the phrase, 'injuries to personal property,'" used in the three-year statute of limitations contained in Tennessee Code Annotated section 28–3–105. Thus, after considering both the basis of the plaintiff's claim and the type of injuries for which recovery was sought, the *Vance* Court held that the three-year statute of limitations for injury to personal property applied.

*Benz-Elliott*, 456 S.W.3d at 149 (internal citations omitted).

In *Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d 727 (Tenn. Ct. App. 1980), which was another case that applied the two-step process later endorsed by *Benz-Elliott*, this Court held that the three-year limitations period did not apply in a case where we viewed the case as involving "ordinary money damages that result from a breach of contract." *Id.* at 730. In summarizing the facts of the case and providing an overview of our analysis, the *Benz-Elliott* court chronicled the *Harvest* decision as follows:

> There, the plaintiff engaged the defendant to audit the inventory of a plant nursery and to establish a price for the plaintiff's contemplated purchase of the nursery. Based on the audit report, the plaintiff proceeded with the purchase, only to discover later that the purchase price was excessive because of the audit firm's negligent valuation. The plaintiff sued, alleging, among other things, that the audit firm breached the employment contract, failed to

exercise reasonable skill in auditing the inventory, failed to perform the audit in accordance with generally accepted accounting standards, and failed to investigate properly the status of the real property on which the nursery was located. The question on appeal was the applicable statute of limitations.

Relevant to our discussion here, the Court of Appeals summarized the law in Tennessee as follows:

> Where the damages for which recovery is sought represent the cost of repair or the replacement cost of property entrusted to another for the performance of a service *and* such accrued damages are the result of negligent acts, the action is for damage to property and covered by [the three-year statute of limitations].

> Likewise, suits for fraud, deceit or conspiracy, whether they arise incident to a contract or not are actions in tort and must be governed by the applicable tort statute of limitations.

> Because "neither fraud, deceit nor conspiracy" nor any facts "which could possibly constitute such" had been alleged, the Court of Appeals held that the plaintiff's action involved "ordinary money damages that result[ed] from a breach of contract."

*Benz-Elliott*, 456 S.W.3d at 149–50 (internal citations omitted). In *Benz-Elliott*, the Supreme Court attributed the different outcomes in *Vance* and *Harvest* to the respective legal bases of the claims involved. *Id.* at 150.

In turning to the allegations made against Mr. Frensley in the case at bar, we are of the opinion that the conduct complained of sounds in tort. Initially, we observe that the complaint charged Mr. Frensley with, among other things, "deceptive" conduct. Moreover, although the "Breach of Contract" count asserted that there had been a contractual breach of the partnership agreement applicable to STJ, the specific allegations asserted against Mr. Frensley in his role as a fiduciary clearly implicated his alleged breaches of duties and obligations he owed under law as a general partner wholly independent of the partnership agreement.[11] This also indicates the tortious nature of the conduct at issue, as this Court

---

[11] The complaint itself made this evident inasmuch as the alternative "contract" count specifically highlighted Mr. Frensley's conduct as running afoul of responsibilities imposed on him by governing partnership law. Mr. Frensley clearly had a fiduciary duty as a general partner independent of the agreement. *See, e.g.*, Tenn. Code Ann. § 61-2-405 (noting that a general partner shall discharge his duties "[i]n good faith" and "[w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances"). Moreover, the specific allegations that Mr. Frensley had acted wrongfully and committed a breach by conveying the Florida Property "without fair consideration" and "secretly" obviously directly implicated his alleged noncompliance with the governing conflict of interest provisions

has previously explained:

> The gravamen of an action is in contract and not in tort "[w]hen an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby." 54 C.J.S. *Limitations of Actions* § 50 (1987). The gravamen of an action is in tort and not in contract, however, when an act constituting a contractual breach also constitutes a breach of a common law duty independent of the contract. *See* 86 C.J.S. *Torts* § 4 (1997).

*Green v. Moore*, No. M2000-03035-COA-R3-CV, 2001 WL 1660828, at *3 (Tenn. Ct. App. Dec. 28, 2001).  In further elaborating on this topic, we noted that

> [w]here a contractual relationship exists between persons and at the same time a duty is imposed by or arises out of the circumstances surrounding or attending the transaction, the breach of the duty is a tort.  In such a case, the tortious act, and not a breach of the contract is the gravamen of the action; the contract is the mere inducement creating the state of things which furnishes the occasion for the tort.

*Id.* (quoting *Mullins v. Golden Circle Ford, Inc.*, 1986 WL 3937, at *7 (Tenn. Ct. App. Apr. 1, 1986)).

A breach of fiduciary duty—the crux of the alleged conduct at issue here—is a tort. *See Mike v. Po Grp., Inc.*, 937 S.W.2d 790, 793-95 (Tenn. 1996) (involving allegations of breach of fiduciary duty and the diversion/misappropriation of assets and applying the three-year limitations period under Tennessee Code Annotated section 28-3-105). Regarding the injury involved in this case, the injury complained of here as a consequence of Mr. Frensley's alleged deceit and breach of fiduciary duties is a loss of property and that STJ did not receive fair value for the alleged wrongful transfer of the Florida Property.  In light of all of the above, we find no error in the trial court's application of the three-year property torts limitations period, nor do we find any error in its ultimate conclusion that the three-year period barred STJ's pursuit of relief against Mr. Frensley's estate.  Indeed, STJ has not challenged the trial court's decision to predicate its analysis on an accrual date of March 11, 2011,[12] and three years clearly elapsed from this date prior to the commencement of this litigation on January 25, 2016.  Because the claim is time-barred,

---

in Tennessee Code Annotated section 61-2-406.  *See* Tenn. Code Ann. § 61-2-406(a)(4) (providing that a conflict of interest transaction is not voidable solely because of a general partner's interest if "[t]he transaction was fair to the partnership"); Tenn. Code Ann. § 61-2-406(a)(3) (providing for potential support for a conflict of interest transaction if certain information is "disclosed or known to all disinterested partners" and there is sufficient authorization, approval, or ratification).

[12] STJ has specifically argued on appeal that "[t]he cause of action in this case accrued on March 11, 2011."

we need not reach the personal representative's alternative argument that, even if the claim was deemed to sound in contract as urged by the partnership, the claim still fails as a result of STJ's failure to file a claim in the underlying estate administration for Mr. Frensley.

## CONCLUSION

In light of the foregoing, the judgment of the trial court is affirmed.

_s/ Arnold B. Goldin_
ARNOLD B. GOLDIN, JUDGE
